1 JONATHAN M. KAUFMAN, ESQ. (California State Bar No. 104576)
  The Law Offices of Jonathan M. Kaufman
2 220 Montgomery Street, Suite 976
  San Francisco, CA 94104
3 Telephone: (415) 956-4765
  Facsimile: (415) 956-1664
4 E-Mail: jonathan-kaufman@sbcglobal.net

**E-filing**

5 Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

**EDL**

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSE BAUTISTA-PEREZ, OSCAR GUARDADO-GONZALEZ, DENIS CABALLERO-ESPINOZA, JOSE ALVARADO-MENJIVAR, OSCAR RENE RAMOS, MARIA SALAZAR, JOSE BENJAMIN QUINTEROS, AND MARIA JOSEFA CRUZ, Individually and on behalf of all others similarly situated,

    Plaintiffs,

vs.

ALBERTO R. GONZALES, Attorney General and MICHAEL CHERTOFF, Secretary of Homeland Security,

    Defendants.

_____/

Case No. **C 07 4192**

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTION

CLASS ACTION

I. INTRODUCTION

1. This class action for declaratory and injunctive relief seeks a judgment declaring that defendants charge a fee for the adjudication of applications for temporary protective status (TPS) and a TPS work permit that exceeds the amount permitted under 8 U.S.C.§1254a(c)(1)(B).

It seeks to enjoin defendants from charging a fee for TPS registration and a TPS work permit that exceeds the amount permitted under 8 U.S.C. §1254a(c)(1)(B), and to enjoin defendant to refund

1

1  to plaintiffs and other class members fees they previously paid to register for TPS and apply for a
2  TPS work permit that exceeded the amount permitted under 8 U.S.C. §1254a(c)(1)(B).

## II. JURISDICTION

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. 28 U.S.C. §1361 vests the Court with authority to compel defendant to refund fees plaintiffs and other class members paid for the adjudication of their applications for TPS and TPS work permits.

## III. NATURE OF ACTION

4. 8 U.S.C. §1254a vests the Attorney General and the Secretary of Homeland Security with discretion to grant aliens TPS.

TPS is a temporary immigration status granted to eligible nationals of designated countries (or parts thereof). In 1990, as part of the Immigration Act of 1990, P.L. 101-649, Congress established a procedure by which the Attorney General may provide TPS to aliens in the United States who are temporarily unable to safely return to their home country because of ongoing armed conflict, an environmental disaster, or other extraordinary and temporary conditions. On March 1, 2003, pursuant to the Homeland Security Act of 2002, Public Law 107-296, the authority to designate a country (or part thereof) for TPS, and to extend and terminate TPS designations, was transferred from the Attorney General to the Secretary of Homeland Security. At the same time, responsibility for administering the TPS program was transferred from the former Immigration and Naturalization Service to U.S. Citizenship and Immigration Services, a component of the Department of Homeland Security. During the period for which a country has been designated for TPS, TPS beneficiaries may remain in the United States and may obtain work authorization.

5. Pursuant to 8 U.S.C. §1254a(c)(1)(B) the Attorney General may require a reasonable fee as a condition of registering for TPS, including providing an alien with a work permit, but that fee shall not exceed $50.00.

6. On January 5, 1999 the Attorney General designated Honduras for TPS. 64 FR 524. Subsequent to that the Attorney General and the Secretary of Homeland Security have extended TPS for Honduras seven times. The most recent extension is due to expire on January 5, 2009.

7. On January 5, 1999 the Attorney General designated Nicaragua for TPS. 64 FR 526. Subsequent to that the Attorney General and the Secretary of Homeland Security have extended TPS for Nicaragua seven times. The most recent extension is due to expire on January 5, 2009.

8. On March 9, 2001 the Attorney General designated El Salvador for TPS. 66 FR 14214. Subsequent to that El Salvador's designation for TPS has been extended four times. El Salvador's current designation expires on September 9, 2007. On May 2, 2007 the Secretary of Homeland Security announced that TPS for El Salvador would be extended for 18 months. Procedures for re-registration by nationals of El Salvador have not yet been published in the Federal Register.

9. Notwithstanding the provisions of 8 U.S.C. §1254a(c)(1)(B), defendants have required plaintiffs and other class members to remit fees in excess of $50.00 to register for TPS during each of the TPS registration periods. Defendants have required plaintiffs to remit additional fees for the capturing of biometric information and to apply for a TPS work permit. 8 C.F.R. §244.6.

10. Although the fee defendant charges for biometrics reflects both the costs of biometric collection and the costs associated with the use of the collected biometrics for security and

3

background checks, defendants do not charge a reduced fee for biometrics when previously collected biometrics can be, and are, used again. Defendants have charged plaintiffs fees for the collection of biometrics when the collection of biometrics was not required.

11. Judicial intervention is required to prohibit defendants from requiring the remittance of fees for TPS and a TPS work permit that exceed the amount permitted under 8 U.S.C. §1254a(c)(1)(B) and to compel defendants to refund the excessive fees plaintiffs have previously remitted.

## IV. PLAINTIFFS

12. Plaintiffs are nationals of El Salvador, Honduras, and Nicaragua whose TPS applications established prima facie eligibility for TPS, and who were required by defendants to remit fees in excess of $50.00 to register for TPS and apply for a TPS work permit.

Plaintiff Jose Bautista-Perez is a national of Honduras. He registered for TPS and applied for a TPS work permit on June 27, 2003 and was required to remit filing fees in the amount of $220.00. He registered and applied again on December 17, 2004 and was required to remit filing fees in the amount of $245.00. He registered and applied again on May 14, 2006 and was required to remit filing fees in the amount of $250.00. He registered and applied again on July 5, 2007 and was required to remit filing fees in the amount of $250.00. On July 27, 2007 plaintiff was served notice that although his previously captured biometrics could be resused, the fee he paid to capture biometrics would not be refunded.

Plaintiff Oscar Guardado-Gonzalez is a national of Honduras. He registered for TPS on June 27, 2003 and was required to remit a filing fee in the amount of $100.00. He registered for

4

TPS on December 23, 2004 and was required to remit a filing fee in the amount of $70.00. He registered for TPS and applied for a TPS work permit on April 30, 2006 and was required to remit filing fees in the amount of $250.00. He registered and applied again on June 18, 2007 and was required to remit filing fees in the amount of $250.00. On July 6, 2007 plaintiff was served notice that although his previously captured biometrics could be resused, the fee he paid to capture biometrics would not be refunded.

Plaintiff Denis Caballero-Espinoza is a national of Nicaragua. He registered for TPS and applied for a TPS work permit on May 14, 2006 and was required to remit filing fees in the amount of $300.00.

Plaintiff Jose Alvarado-Menjivar is a national of El Salvador. He registered for TPS on September 5, 2002 and was required to remit a filing fee in the amount of $100.00. He registered for TPS on January 30, 2005 and was required to remit a filing fee in the amount of $70.00. He registered for TPS and applied for a TPS work permit on July 16, 2006 and was required to remit filing fees in the amount of $250.00.

Plaintiff Oscar Rene Ramos is a national of El Salvador. He registered for TPS and applied for a TPS work permit on January 29, 2005 and was required to remit filing fees in the amount of $245.00. He registered and applied again on July 10, 2006 and was required to remit filing fees in the amount of $250.00.

Plaintiff Maria Salazar is a national of El Salvador. She registered for TPS on January 14, 2005 and was required to remit a filing fee in the amount of $70.00. She registered for TPS and applied for a TPS work permit on July 10, 2006 and was required to remit filing fees in the

5

amount of $250.00.

Plaintiff Jose Benjamin Quinteros is a national of El Salvador. He registered for TPS and applied for a TPS work permit on February 17, 2005 and was required to remit filing fees in the amount of $245.00. He registered and applied again on July 20, 2006 and was required to remit filing fees in the amount of $250.00.

Plaintiff Maria Josefa Cruz is a national of El Salvador. She registered for TPS and applied for a TPS work permit on January 20, 2005 and was required to remit filing fees in the amount of $245.00. She registered and applied again on July 20, 2006 and was required to remit filing fees in the amount of $250.00.

## V. DEFENDANTS

13. Defendant Alberto R. Gonzales is the Attorney General of the United States and defendant Michael Chertoff is the Secretary of the Department of Homeland Security.

## VI. CLASS ACTION ALLEGATIONS

14. Plaintiffs bring this action on behalf of themselves and all other similarly situated.

15. The class consists of all nationals of El Salvador, Honduras, and Nicaragua who have submitted TPS applications to defendants that establish prima facie eligibility for TPS, and who have been required by defendants, as a condition to register for TPS and apply for a TPS work permit, to remit fees that exceed the amount permitted under 8 U.S.C. §1254a(c)(1)(B).

16. The numerosity requirements of F.R. Civ.P. 23(a)(1) are satisfied, in that the members

6

of the class are so numerous as to make joinder impracticable. In designating El Salvador for TPS, the Attorney General estimated that 150,000 nationals of El Salvador residing in the United States would be eligible for benefits under the TPS program. In designating Honduras for TPS, the Attorney General estimated that 100,000 nationals of Honduras residing in the United States would be eligible for benefits under the TPS program. In designating Nicaragua for TPS, the Attorney General estimated that 45,000-70,000 nationals of Nicaragua residing in the United States would be eligible for benefits under the TPS program.

17. The requirements of F.R. Civ.P. 23(a)(2) are met in that there are questions of law and fact common to the class.

18. Defendants act in a similar manner towards all class members by requiring each, as a condition to register for TPS and apply for a TPS work permit, to remit payments that exceed the amount permitted under 8 U.S.C. §1254a(c)(1)(B), and by charging a fee for the collection of biometrics when collection of biometrics is not required.

19. Defendants actions cause irreparable injury to the proposed class because defendants will not file and adjudicate an application for TPS unless the required fee is remitted, or an application for a fee waiver approved.

20. The requirements of F.R. Civ.P. 23(a)(3) and (4) are met because the claims or defenses of the representative parties are typical of the claims or defenses of the class, and the representative parties will fairly and adequately protect the interests of the class.

21. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available

methods for the fair and efficient adjudication of the controversy.

22. Permitting plaintiffs to maintain this action on behalf of the proposed class will bring the appropriate final injunctive relief or corresponding declaratory relief for the class as a whole.

## VII. FACTUAL ALLEGATIONS

23. Defendants are charged, by statute and regulation, with the duty to file and adjudicate applications for TPS and TPS work permits, and to accord TPS benefits to those aliens who establish eligibility.

24. Pursuant to 8 U.S.C. §1254a(c)(1)(B) the Attorney General may require a reasonable fee as a condition of registering for TPS, including providing an alien with a work permit, but that fee shall not exceed $50.00.

25. Notwithstanding the provisions of 8 U.S.C. §1254a(c)(1)(B) defendants require an alien to remit fees in excess of $50.00 to register for TPS and apply for a TPS work permit. In addition to the $50.00 payment an alien is required to remit with an application for TPS, defendants require an alien to remit additional fees for the capturing of biometric information and for a TPS work permit. 8 C.F.R. §244.6.

26. Plaintiffs and other class members are nationals of El Salvador, Honduras, and Nicaragua who submitted TPS applications to defendant that established their prima facie eligibility for TPS, and were required by defendants to remit payments that exceeded the amount permitted under 8 U.S.C. §1254a(c)(1)(B) to register for TPS and apply for a TPS work permit.

27. Although the fee defendants charge plaintiffs and other class members for biometrics represents both the costs of biometric collection and the costs associated with the use of the

8

collected biometrics for security and background checks, defendants do not charge a reduced fee for biometrics when previously collected biometics can be, and are, used again. Defendants have charged plaintiff and other class members fees for the collection of biometrics when collection of biometrics was not required.

28. Plaintiffs and other class members have been unlawfully required to pay excessive fees for TPS benefits.

29. Plaintiffs and other class members have suffered irreparable injury because of the unlawful acts of defendants complained of herein.

30. Plaintiffs and other class members have exhausted all administrative remedies available and have determined that no adequate administrative remedy exists.

## VIII. PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray judgment.

1) Entering an order pursuant F.R.Civ. P. 23 that this action be maintained as a class action;

2) Declaring that defendants are prohibited from charging plaintiffs or other class members, as a condition for registering for TPS and applying for a TPS work permit, a fee that exceeds the amount permitted under 8 U.S.C. §1254a(c)(1)(B).

3) Declaring invalid those parts of 8 C.F.R. §244.6 that require plaintiffs or other class members to pay a fee to register for TPS and apply for a TPS work permit that exceeds the

9

amount permitted under 8 U.S.C. §1254a(c)(1)(B).

4) Enjoining defendants from charging plaintiffs or other class members, as a condition for registering for TPS and applying for a TPS work permit, a fee that exceeds the amount permitted under 8 U.S.C. §1254a(c)(1)(B).

5) Enjoining defendants from charging plaintiffs or other class members, as a condition for registering for TPS and applying for a TPS work permit, a fee for the collection of biometrics when the collection of biometrics is not required.

6) Enjoining defendants to refund all fees paid by plaintiffs and other class members for registering for TPS and applying for a TPS work permit that have exceeded the amount permitted under 8 U.S.C. §1254a(c)(1)(B).

7) Enjoining defendants to refund all fees paid by plaintiffs and other class members for the collection of biometrics when the collection of biometrics was not required.

8) Awarding plaintiffs their costs and reasonable attorney's fees incurred in this action.

9) Granting such other and further relief as may be appropriate.

Dated: August 16, 2007

                                          Respectfully submitted,

                                          _____
                                          JONATHAN M. KAUFMAN
                                          Attorney for Plaintiffs

10