JONATHAN M. KAUFMAN, ESQ. (California State Bar No. 104576)
The Law Offices of Jonathan M. Kaufman
220 Montgomery Street, Suite 976
San Francisco, CA 94104
Telephone: (415) 956-4765
Facsimile: (415) 956-1664
E-Mail: jonathan-kaufman@sbcglobal.net

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE BAUTISTA-PEREZ, OSCAR GUARDADO-GONZALEZ, DENIS CABALLERO-ESPINOZA, JOSE ALVARADO-MENJIVAR, OSCAR RENE RAMOS, MARIA SALAZAR, JOSE BENJAMIN QUINTEROS, AND MARIA JOSEFA CRUZ, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALBERTO R. GONZALES, Attorney General and MICHAEL CHERTOFF, Secretary of Homeland Security,<br><br>Defendants. | Case No. C 07-4192 EDL<br><br>FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTION<br><br>CLASS ACTION |

## I. INTRODUCTION

1. This class action for declaratory and injunctive relief seeks a judgment declaring that defendants charge a fee for registering for temporary protective status (TPS) that exceeds the amount permitted under 8 U.S.C.§1254a(c)(1)(B).

It seeks to enjoin defendants from charging a fee for TPS registration, including a fee

1

imposed for the collection of biometric information, that exceeds the $50.00 permitted under 8 U.S.C. §1254a(c)(1)(B), and to enjoin defendants to refund to plaintiffs and other class members fees they previously remitted to register for TPS that exceeded the amount permitted under 8 U.S.C. §1254a(c)(1)(B).

## II. JURISDICTION

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. 28 U.S.C. §1361 vests the Court with authority to compel defendant to refund fees plaintiffs and other class members paid for the adjudication of their applications for TPS.

## III. NATURE OF ACTION

4. 8 U.S.C. §1254a vests the Attorney General and the Secretary of Homeland Security with discretion to grant aliens TPS.

TPS is a temporary immigration status granted to eligible nationals of designated countries (or parts thereof). In 1990, as part of the Immigration Act of 1990, P.L. 101-649, Congress established a procedure by which the Attorney General may provide TPS to aliens in the United States who are temporarily unable to safely return to their home country because of ongoing armed conflict, an environmental disaster, or other extraordinary and temporary conditions. On March 1, 2003, pursuant to the Homeland Security Act of 2002, Public Law 107-296, the authority to designate a country (or part thereof) for TPS, and to extend and terminate TPS designations, was transferred from the Attorney General to the Secretary of Homeland Security. At the same time, responsibility for administering the TPS program was transferred from the former Immigration and Naturalization Service to U.S. Citizenship and Immigration Services, a component of the Department of Homeland Security. During the period for which a country has been designated for TPS, TPS beneficiaries may remain in the United States and may obtain work authorization.

5. Pursuant to 8 U.S.C. §1254a(c)(1)(B) the Attorney General may require a reasonable fee as a condition of registering for TPS, but that fee shall not exceed $50.00.

6. On January 5, 1999 the Attorney General designated Honduras for TPS. 64 FR 524. Subsequent to that the Attorney General and the Secretary of Homeland Security have extended TPS for Honduras seven times. The most recent extension is due to expire on January 5, 2009.

7. On January 5, 1999 the Attorney General designated Nicaragua for TPS. 64 FR 526. Subsequent to that the Attorney General and the Secretary of Homeland Security have extended TPS for Nicaragua seven times. The most recent extension is due to expire on January 5, 2009.

8. On March 9, 2001 the Attorney General designated El Salvador for TPS. 66 FR 14214. Subsequent to that El Salvador's designation for TPS has been extended five times. The most recent designation expires on March 9, 2009.

9. Notwithstanding the provisions of 8 U.S.C. §1254a(c)(1)(B), defendants have required plaintiffs and other class members to remit fees in excess of $50.00 to register for TPS during each of the TPS registration periods. In addition to the $50.00 fee defendants required plaintiffs and other class members to remit with their initial TPS applications, defendants have imposed a separate, additional service fee to collect biometric information. 8 C.F.R. §244.6.

10. Although the service fee defendant charges for the collection of biometric information reflects both the costs of biometric information collection and the costs associated with the use of the collected biometric information for security and background checks, defendants do not impose a reduced service fee for the collection of biometric information when previously collected biometric information can be, and are, used again. Defendants have imposed a service

3

fee for the collection of biometric information when the collection of biometric information was not required.

11. Judicial intervention is required to prohibit defendants from requiring the remittance of fees for TPS that exceed the amount permitted under 8 U.S.C. §1254a(c)(1)(B) and to compel defendants to refund the excessive fees plaintiffs and other class members have previously remitted.

## IV. PLAINTIFFS

12. Plaintiffs are nationals of El Salvador, Honduras, and Nicaragua whose TPS applications established prima facie eligibility for TPS, and who were required by defendants to remit fees in excess of $50.00 to register for TPS.

Plaintiff Jose Bautista-Perez is a national of Honduras. He registered for TPS on June 27, 2003 and was required to remit a filing fee in the amount of $100.00. He registered and applied again on December 17, 2004 and was required to remit a filing fee in the amount of $70.00. He registered and applied again on May 14, 2006 and was required to remit a filing fee in the amount of $70.00. He registered and applied again on July 5, 2007 and was required to remit a filing fee in the amount of $70..00. On July 27, 2007 plaintiff was served notice that although his previously captured biometrics could be resused, the fee he paid to capture biometrics would not be refunded.

Plaintiff Oscar Guardado-Gonzalez is a national of Honduras. He registered for TPS on June 27, 2003 and was required to remit a filing fee in the amount of $100.00. He registered for TPS on December 23, 2004 and was required to remit a filing fee in the amount of $70.00. He

registered for TPS on April 30, 2006 and was required to remit a filing fee in the amount of $70.00. He registered and applied again on June 18, 2007 and was required to remit a filing fee in the amount of $70.00. On July 6, 2007 plaintiff was served notice that although his previously captured biometrics could be resused, the fee he paid to capture biometrics would not be refunded.

Plaintiff Denis Caballero-Espinoza is a national of Nicaragua. He registered for TPS on May 14, 2006 and was required to remit a filing fee in the amount of $120.00.

Plaintiff Jose Alvarado-Menjivar is a national of El Salvador. He registered for TPS on September 5, 2002 and was required to remit a filing fee in the amount of $100.00. He registered for TPS on January 30, 2005 and was required to remit a filing fee in the amount of $70.00. He registered for TPS on July 16, 2006 and was required to remit a filing fee in the amount of $70.00.

Plaintiff Oscar Rene Ramos is a national of El Salvador. He registered for TPSon January 29, 2005 and was required to remit a filing fee in the amount of $70.00. He registered and applied again on July 10, 2006 and was required to remit a filing fee in the amount of $70.00.

Plaintiff Maria Salazar is a national of El Salvador. She registered for TPS on January 14, 2005 and was required to remit a filing fee in the amount of $70.00. She registered for TPS on July 10, 2006 and was required to remit a filing fee in the amount of $70.00.

Plaintiff Jose Benjamin Quinteros is a national of El Salvador. He registered for TPS on February 17, 2005 and was required to remit a filing fee in the amount of $70.00. He registered again on July 20, 2006 and was required to remit filing fees in the amount of $70.00.

Plaintiff Maria Josefa Cruz is a national of El Salvador. She registered for TPS on January

20, 2005 and was required to remit a filing fee in the amount of $70.00. She registered on July 20, 2006 and was required to remit a filing fee in the amount of $70.00.

## V. DEFENDANTS

13. Defendant Alberto R. Gonzales is the Attorney General of the United States and defendant Michael Chertoff is the Secretary of the Department of Homeland Security.

## VI. CLASS ACTION ALLEGATIONS

14. Plaintiffs bring this action on behalf of themselves and all other similarly situated.

15. The class consists of all nationals of El Salvador, Honduras, and Nicaragua who have submitted applications to register for TPS and who were required by defendants, as a condition to register for TPS, to remit a fee that exceeded the $50.00 permitted under 8 U.S.C. §1254a(c)(1)(B).

16. The numerosity requirements of F.R. Civ.P. 23(a)(1) are satisfied, in that the members of the class are so numerous as to make joinder impracticable. In designating El Salvador for TPS, the Attorney General estimated that 150,000 nationals of El Salvador residing in the United States would be eligible for benefits under the TPS program. In designating Honduras for TPS, the Attorney General estimated that 100,000 nationals of Honduras residing in the United States would be eligible for benefits under the TPS program. In designating Nicaragua for TPS, the Attorney General estimated that 45,000-70,000 nationals of Nicaragua residing in the United States would be eligible for benefits under the TPS program.

17. The requirements of F.R. Civ.P. 23(a)(2) are met in that defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final

6

injunctive relief, or corresponding declaratory relief with respect to the class as a whole, and because there are questions of law and fact common to the class.

18. Defendants act in a similar manner towards all class members by requiring each, as a condition to register for TPS, to remit a payment that exceeds the amount permitted under 8 U.S.C. §1254a(c)(1)(B), by imposing a separate, additional service fee for the collection of biometric information, and by imposing a service fee for the collection of biometrics when the collection of biometrics is not required.

19. Defendants' actions cause irreparable injury to the proposed class because defendants will not file and adjudicate an application for TPS registration unless the required fee is remitted, or an application for a fee waiver approved.

20. The requirements of F.R. Civ.P. 23(a)(3) and (4) are met because the claims or defenses of the representative parties are typical of the claims or defenses of the class, and the representative parties will fairly and adequately protect the interests of the class.

21. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Permitting plaintiffs to maintain this action on behalf of the proposed class will bring the appropriate final injunctive relief or corresponding declaratory relief for the class as a whole.

## VII. FACTUAL ALLEGATIONS

23. Defendants are charged, by statute and regulation, with the duty to file and adjudicate applications for TPS registraton, and to accord TPS benefits to those aliens who establish

eligibility.

24. Pursuant to 8 U.S.C. §1254a(c)(1)(B) the Attorney General may require a reasonable fee as a condition of registering for TPS, but that fee shall not exceed $50.00.

25. Notwithstanding the provisions of 8 U.S.C. §1254a(c)(1)(B) defendants require an alien to remit fees in excess of $50.00 to register for TPS. In addition to the $50.00 payment an alien is required to remit with an initial application for TPS, defendants impose a separate, additional service fee to collect biometric information. 8 C.F.R. §244.6.

26. Plaintiffs and other class members are nationals of El Salvador, Honduras, and Nicaragua who submitted applications for TPS registration to defendant, and were required by defendants to remit payments that exceeded the amount permitted under 8 U.S.C. §1254a(c)(1)(B) to register for TPS. Defendants have required plaintiffs and other class members, as a condition to register for TPS, to remit a separate, additional service fee for the collection of biometric information.

27. Although the service fee defendants impose for the collection of biometric information represents both the costs of biometric collection and the costs associated with the use of the collected biometrics for security and background checks, defendants do not impose a reduced service fee for the collection of biometric information when previously collected biometric information can be, and are, used again. Defendants have imposed service fees for the collection of biometric information when the collection of biometric information was not required.

28. Plaintiffs and other class members have been unlawfully required to pay excessive fees for TPS benefits.

29. Plaintiffs and other class members have suffered irreparable injury because of the unlawful acts of defendants complained of herein.

30. Plaintiffs and other class members have exhausted all administrative remedies available and have determined that no adequate administrative remedy exists.

## VIII. PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray judgment.

1) Entering an order pursuant F.R.Civ. P. 23 that this action be maintained as a class action;

2). Declaring that 8 U.S.C. §1254a(c)(1)(B) prohibits defendants from imposing, as a condition to register for TPS, a separate, additional service fee for the collection of biometric information if the total fee charged to register for TPS would then exceed $50.00.

3) Declaring invalid those parts of 8 C.F.R. §244.6 that require plaintiffs and other class members to remit a separate, additional service fee for the collection of biometric information if the total fee charged to register for TPS would then exceed the $50.00 permitted under 8 U.S.C. §1254a(c)(1)(B).

4) Enjoining defendants from imposing, as a condition to register for TPS, a separate, additional service fee for the collection of biometric information if the total fee charged to register for TPS would then exceed the $50.00 permitted under 8 U.S.C. §1254a(c)(1)(B).

5) Enjoining defendants from imposing, as a condition to register for TPS, a fee for the collection of biometric information when the collection of biometric information is not required.

9

6) Enjoining defendants to refund all fees paid by plaintiffs and other class members to register for TPS and to collect biometric information that have exceeded the $50.00 permitted under 8 U.S.C. §1254a(c)(1)(B).

7) Enjoining defendants to refund all service fees paid by plaintiffs and other class members for the collection of biometric information when the collection of biometric information was not required.

8) Awarding plaintiffs and other class members their costs and reasonable attorney's fees incurred in this action.

9) Granting such other and further relief as may be appropriate.

Dated: August 21, 2007

Respectfully submitted,

_____
JONATHAN M. KAUFMAN
Attorney for Plaintiffs