SCOTT N. SCHOOLS, SC SBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7124
   FAX: (415) 436-7169

LYLE D. JENTZER
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice, Civil Division

   P.O. Box 878, Ben Franklin Station
   Washington, D.C. 20044
   (202) 305-0192
   FAX: (202) 305-7249

J. MAX WEINTRAUB, VSBN 36188
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice, Civil Division

   P.O. Box 878, Ben Franklin Station
   Washington, DC 20044
   (202) 305-7551
   FAX: (202) 305-7249

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE BAUTISTA-PEREZ, et al., | ) No. C 07-4192 TEH |
|             Plaintiffs, | ) |
|             v. | ) DEFENDANTS' SURREPLY TO ) PLAINTIFF'S REPLY TO DEFENDANT'S ) MEMORANDUM IN OPPOSITION TO |
| PETER D. KEISLER, Attorney General, et al., | ) PLAINTIFFS' MOTION FOR ) PRELIMINARY INJUNCTION ) |
|             Defendants. | ) Judge Thelton E. Henderson |

Defendants' Surreply to Plaintiff's Reply to Defendant's Memorandum in Opposition to
Plaintiffs' Motion for Preliminary Injunction
C 07-4192 TEH

# I. INTRODUCTION

Defendants, by J. Max Weintraub, Trial Attorney, United States Department of Justice, Trial Attorney, U.S. Department of Justice Office of Immigration Litigation, submit the Defendants' Surreply to Plaintiff's Reply to Defendant's Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction.

## II. PLAINTIFFS MISCHARACTERIZE THE NATURE AND SCOPE OF 8 U.S.C. § 1356(m)

In their reply to Defendant's Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction, Plaintiffs address 8 U.S.C. § 1356(m),[1] which provides the statutory authority for the Secretary of Homeland Security to promulgate regulations establishing adjudication fees in the immigration context. Plaintiff's Reply ("Pl. Reply") at page 8. Initially, it must be noted that Plaintiffs focus exclusively on the provisions of 8 U.S.C. § 1356(m) that authorize the Secretary to assess a surcharge on the fees it charges, while they fail to address the more expansive authority granted to the Secretary.

The section begins, "Notwithstanding any other provisions of law" and continues thereafter to describe "all adjudication fees as are designated by the [Secretary] in regulations." That language clearly must be read such that Congress recognized that other provisions of the Immigration and

---

[1] In its entirety, 8 U.S.C. § 1356(m) reads as follows:

Notwithstanding any other provisions of law, all adjudication fees as are designated by the Attorney General in regulations shall be deposited as offsetting receipts into a separate account entitled "Immigration Examinations Fee Account" in the Treasury of the United States, whether collected directly by the Attorney General or through clerks of courts: Provided, however, That all fees received by the Attorney General from applicants residing in the Virgin Islands of the United States, and in Guam, under this subsection shall be paid over to the treasury of the Virgin Islands and to the treasury of Guam: *Provided further*, That fees for providing adjudication and naturalization services may be set at a level that will ensure recovery of the full costs of providing all such services, including the costs of similar services provided without charge to asylum applicants or other immigrants. Such fees may also be set at a level that will recover any additional costs associated with the administration of the fees collected.

Defendants' Surreply to Plaintiff's Reply to Defendant's Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction
C 07-4192 TEH

Nationality Act contain limitations that would otherwise hamper the Secretary's ability to collect the fees required to effectively carry out the mandates under which DHS has been ordered to operate. In addition, 8 U.S.C. § 1356(m) continues, "*Provided further*, That fees for providing adjudication and naturalization services may be set at a level that will ensure recovery of the full costs of providing all such services." (Emphasis in the original.) Among those aliens seeking adjudication are Temporary Protected Status (TPS) applicants, including the named Plaintiffs and the proposed class members. Accordingly, 8 U.S.C. § 1356(m) must be read to authorize the Secretary to establish fees for collecting, using, and maintaining the biometric information required to adjudicate TPS applications. Furthermore, the section clearly explains that the Secretary may set biometric fees a level that will ensure recovery of the full costs, including not just the taking of fingerprints and photographs, but also costs associated with the FBI background and security checks, the maintenance of the databases that hold the data, and any affiliated administrative expenses.

## Conclusion

Read in its entirety, especially noting that 8 U.S.C. § 1356(m) operates "Notwithstanding any other provisions of law," 8 U.S.C. § 1356(m) clearly provides the statutory authority for the Secretary to assess a fee in connection with the collection, use, and maintenance of biometric information required of TPS applicants, separate and distinct from the registration fee described by 8 U.S.C. § 1254a(c)(1)(B).

Dated this 5th day of October, 2007.

Respectfully submitted,

SCOTT N. SCHOOLS,
United States Attorney

ILA C. DEISS
Assistant United States Attorney

_____
J. MAX WEINTRAUB
Trial Attorney

Defendants' Surreply to Plaintiff's Reply to Defendant's Memorandum in Opposition to
Plaintiffs' Motion for Preliminary Injunction
C 07-4192 TEH