JONATHAN M. KAUFMAN, ESQ. (California State Bar No. 104576)
The Law Offices of Jonathan M. Kaufman
220 Montgomery Street, Suite 976
San Francisco, CA 94104
Telephone: (415) 956-4765
Facsimile:  (415) 956-1664
E-Mail:     jonathan-kaufman@sbcglobal.net

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE BAUTISTA-PEREZ, OSCAR GUARDADO-GONZALEZ, DENIS CABALLERO-ESPINOZA, JOSE ALVARADO-MENJIVAR, OSCAR RENE RAMOS, MARIA SALAZAR, JOSE BENJAMIN QUINTEROS, AND MARIA JOSEFA CRUZ, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PETER D. KEISLER, Acting Attorney General and MICHAEL CHERTOFF, Secretary of Homeland Security,<br><br>Defendants.<br>_____/ | Case No. C 07-4192 TEH<br><br>PLAINTIFFS' REPLY TO DEFENDANTS' SURREPLY TO PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION<br><br>Date:  October 15, 2007<br>Time: 10:00 a.m.<br>Place: Courtroom 12 |

1

# I. INTRODUCTION

Plaintiffs submit the following Reply to defendants' Surreply.

## II. DEFENDANTS' CONSTRUCTION OF 8 U.S.C. §1356(m) CONFLICTS WITH THE PLAIN LANGUAGE OF THE STATUTE

Defendants cite the provision of 8 U.S.C. §1356(m) that begins, "notwithstanding other provisions of law", as evidence that Congress did not intend to "hamper" defendants ability to collect a biometric service fee from plaintiffs that exceeds the statutory limit set forth in 8 U.S.C. §1254a(c)(1)(B). Defendants' contention is without merit.

The provision of §1356(m) cited by defendants is concerned solely with where immigration fees are deposited. Prior to 1988 immigration adjudication fees were placed into a general fund of the United States Treasury. In 1988 §1356(m) was enacted to create "a separate account entitled "Immigration Examinations Fee Account" in the Treasury of the United States". It directs, simply and clearly, that fees received by the agency shall be deposited in the "Immigration Examinations Fee Account" rather than into a general fund of the United States Treasury. Defendants' interpretation of the opening sentence of §1356(m) conflicts with its plain language.

Plaintiffs recognize the importance of maintaining the fiscal integrity of the TPS program. Plaintiffs do not dispute that the final proviso of §1356(m) vests the DHS with authority to establish fees for collecting, using, and maintaining biometric information. The issue here, however, is not whether the DHS may establish a fee for providing biometric services to TPS registrants; it is whether 8 U.S.C. §1254a(c)(1)(B) prohibits the DHS from imposing that fee on plaintiffs as a condition to register for TPS.

Plaintiffs referenced §1356(m) in their Reply to respond to defendants' assertion that the DHS will suffer financial hardship if it is deprived of biometric fees from TPS registrants. Plaintiffs' Reply does not "mischaracterize the nature and scope of 8 U.S.C. §1356(m)". It accurately observes that the final proviso of §1356(m) authorizes the DHS to assess a surcharge on the fees it charges other aliens applying for other immigration benefits to recover the expenses it incurs in adjudicating TPS applications. Defendants have not meaningfully addressed plaintiffs' contention in either of

their submissions.

Paradoxically, defendants' Surreply <u>does</u> mischaracterize §1356(m) by misquoting its text. The Surreply contends that the first sentence of the final proviso reads, ". .. That fees for providing adjudication and naturalization services may be set at a level that will ensure recovery of the full costs of providing all such services<u>.</u>" (Emphasis added). (Surreply, Pg. 3).  In fact, the provision quoted by defendants does not end in a period, it concludes in a comma, and it proceeds to provide, "including the costs of similar services provided without charge to asylum applicants and other immigrants."

Notably, defendants' Surreply does not contest plaintiffs' contention that §1356(m) permits the DHS to recover its full costs of collecting, using, and maintaining plaintiffs' biometric information by assessing a surcharge on the biometric services fees it imposes on other aliens applying for other immigration benefits.

Defendants' Surreply cherry picks the provisions of §1356(m), parses its language, misquotes its text, and ignores a salient issue raised in plaintiffs' Reply.  "In ascertaining the plain meaning of a statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." *K Mart Corp. v Cartier, Inc.* 486 U.S. 281, 291 (1988).  Defendants construction of 8 U.S.C. §1356(m) is irrational and conflicts with the plain language of the statute read as a whole.

### III. CONCLUSION

8 U.S.C. §1254a(c)(1)(B) prohibits defendants from charging a fee for TPS registration that exceeds $50.00. By imposing an $80.00 biometric service fee as a condition to register for TPS defendants violate the statute. Plaintiffs' respectfully submit that the Court should grant their motion

for a preliminary injunction and enjoin defendants from requiring plaintiffs to remit an $80.00 biometric service fee to register for TPS.

Dated: October 11, 2007               Respectfully submitted,

_____
JONATHAN M. KAUFMAN
Attorney for Plaintiffs