JONATHAN M. KAUFMAN, ESQ. (California State Bar No. 104576)
The Law Offices of Jonathan M. Kaufman
220 Montgomery Street, Suite 976
San Francisco, CA 94104
Telephone: (415) 956-4765
Facsimile:  (415) 956-1664
E-Mail:       jonathan-kaufman@sbcglobal.net

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE BAUTISTA-PEREZ, OSCAR GUARDADO-GONZALEZ, DENIS CABALLERO-ESPINOZA, JOSE ALVARADO-MENJIVAR, OSCAR RENE RAMOS, MARIA SALAZAR, JOSE BENJAMIN QUINTEROS, AND MARIA JOSEFA CRUZ, Individually and on behalf of all others similarly situated, | Case No. C 07-4192 TEH<br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION |
| Plaintiffs, | |
| vs. | |
| PETER D. KEISLER, Attorney General and MICHAEL CHERTOFF, Secretary of Homeland Security, | |
| Defendants. | |
| _____/ | |

## I. NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION

Notice is hereby given that on December 3, 2007 at 10:00 a.m. or as soon thereafter as the matter can be heard in the Courtroom of the Honorable Thelton E. Henderson, Senior United States District Judge, located at 450 Golden Gate Avenue, San Francisco, California, Courtroom 12, plaintiffs will move the Court for entry of an order:

1

1    1. Certifying that this action is maintainable as a class action under Federal Rule of Civil

2  Procedure 23(b)(2);

3    2. Certifying the class defined herein as the plaintiff class;

4    3. Certifying the named plaintiffs as representatives of the plaintiff class and Jonathan M.

5  Kaufman as counsel for the plaintiff class.

6    This motion will be based upon this motion, the following memorandum of points and

7  authorities, as well as all other pleadings on file herein, and on such further discussion and argument

8  as the Court may hear on the matter.

9                                    **II. INTRODUCTION**

10    Plaintiffs are nationals of El Salvador, Honduras, and Nicaragua who have been granted

11  temporary protective status (TPS) after remitting a $50.00 registration fee. Their class action

12  Complaint seeks review of the administration of the TPS program by the Department of Homeland

13  Security (DHS). Plaintiffs' Complaint contends that DHS's imposition of an $80.00 biometric

14  service fee as a condition to register for TPS violates  8 U.S.C.§1254a(c)(1)(B).  Plaintiffs'

15  Complaint contends that the DHS imposes a biometric service fee for the collection of biometric

16  information when the collection of biometric information is not required.

17    Plaintiffs' Complaint seeks a judgment declaring that the imposition of the biometric service

18  fee violates 8 U.S.C.§1254a(c)(1)(B). It seeks  to invalidate those parts of 8 C.F.R. §244.6 which

19  require the named plaintiffs and members of the plaintiff class to remit a fee for TPS registration that

20  exceeds the $50.00 permitted under 8 U.S.C. §1254a(c)(1)(B). It seeks to enjoin defendants from

21  charging plaintiffs and members of the plaintiff class more than $50.00 to register for TPS, and to

22  compel defendants to refund the excessive fees plaintiffs and members of the plaintiff class have

23  remitted to register for TPS.

24  //

25  //

26  //

27

28                                            2

Plaintiffs now seek class certification pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure. Plaintiffs seek certification of a class consisting of:

> All nationals of El Salvador, Honduras, and Nicaragua who have submitted applications to register for TPS and who were required by defendants, as a condition to register for TPS, to remit a fee that exceeded the $50.00 permitted under 8 U.S.C. §1254a(c)(1)(B).

### III. FACTS

The named plaintiffs are nationals of El Salvador, Honduras, and Nicaragua whose TPS applications established prima facie eligibility for TPS, and who were required by the DHS to remit fees in excess of $50.00 to register for TPS.

Plaintiff Jose Bautista-Perez is a national of Honduras. He registered for TPS on June 27, 2003 and remitted a $50.00 registration fee and a fingerprint processing fee in the amount of $50.00. He registered for TPS again on December 17, 2004 and remitted a biometric service fee in the amount of $70.00. He registered for TPS again on May 14, 2006 and remitted a biometric service fee in the amount of $70.00. He registered for TPS again on July 5, 2007 and remitted a biometric service fee in the amount of $70.00. On July 27, 2007 plaintiff was served notice that although his previously captured biometrics could be resued, the fee he paid to capture biometrics would not be refunded.[1]

Plaintiff Oscar Guardado-Gonzalez is a national of Honduras. He registered for TPS on June 27, 2003 and remitted a $50.00 registration fee and a fingerprint processing fee in the amount of $50.00. He registered for TPS again on December 23, 2004 and remitted a biometric service fee in the amount of $70.00. He registered for TPS again on April 30, 2006 and remitted a biometric service fee in the amount of $70.00. He registered for TPS again on June 18, 2007 remitted a biometric service fee in the amount of $70.00. On July 6, 2007 plaintiff was served notice that although his previously captured biometrics could be resued, the fee he paid to capture biometrics

---

[1] See, Declaration of Jonathan M. Kaufman In Support of Motion for Class Certification (Kaufman Declaration), Exhibit A.

would not be refunded.[2]

Plaintiff Denis Caballero-Espinoza is a national of Nicaragua. He registered for TPS on May 14, 2006 and remitted a $50.00 registration fee and a $70.00 biometric service fee. He registered for TPS again on July 30, 2007 and remitted a $70.00 biometric service fee.[3]

Plaintiff Jose Alvarado-Menjivar is a national of El Salvador. He registered for TPS on September 5, 2002 and remitted a $50.00 registration fee and a fingerprint processing fee in the amount of $50.00. He registered for TPS again on January 30, 2005 and remitted a biometric service fee in the amount of $70.00. He registered for TPS again on July 16, 2006 and remitted a biometric service fee in the amount of $70.00.  He registered for TPS on October 16, 2007 and remitted a biometric service fee in the amount of $80.00.[4]

Plaintiff Oscar Rene Ramos is a national of El Salvador. He registered  for TPS on January 9, 2005 and remitted a biometric service fee in the amount of $70.00. He registered for TPS again on July 10, 2006 and remitted a biometric service fee in the amount of $70.00. He registered for TPS again on October 16, 2007 and remitted a biometric service fee in the amount of $80.00. [5]

Plaintiff Maria Salazar is a national of El Salvador. She registered for TPS on January 14, 2005 and remitted a biometric service fee in the amount of $70.00. She registered for TPS again on July 10, 2006 and remitted a biometric service fee in the amount of $70.00. She registered for TPS again on October 16, 2007 and remitted a biometric service fee in the amount of $80.00.[6]

 Plaintiff Jose Benjamin Quinteros is a national of El Salvador. He registered for TPS on February 17, 2005 and remitted a biometric service fee in the amount of  $70.00. He registered for

---

[2] See, Kaufman Declaration, Exhibit B.

[3] See, Kaufman Declaration, Exhibit C.

[4] See, Kaufman Declaration, Exhibit D.

[5] See, Kaufman Declaration, Exhibit E.

[6] See, Kaufman Declaration, Exhibit F.

TPS again on July 20, 2006 and remitted a biometric service fee in the amount of $70.00. He registered for TPS again on October 16, 2007 and remitted a biometric service fee in the amount of $80.00.[7]

Plaintiff Maria Josefa Cruz is a national of El Salvador. She registered for TPS on January 20, 2005 and remitted a biometric service fee in the amount of $70.00. She registered TPS again on July 20, 2006 and remitted a biometric service fee in the amount of $70.00. She registered for TPS again on August 30, 2007 and remitted a biometric service fee in the amount of $80.00. On October 4, 2007 plaintiff was served notice that although her previously captured biometrics could be reused, the fee she paid to capture biometrics would not be refunded.[8]

Plaintiffs contend that DHS's imposition of a biometric service fee is unlawful because it exceeds the $50.00 permitted under 8 U.S.C. §1254a(c)(1)(B), and because the DHS imposes a fee for the collection of biometric information when the collection of biometrics is not required.

### III. PLAINTIFFS SATISFY THE REQUIREMENTS FOR CLASS CERTIFICATION UNDER RULE 23

As the parties seeking class certification, plaintiffs bear the burden of demonstrating that they have met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b). *Zinser v Accufix Research Institute, Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001), amended 273 F.3d 1266 (9th Cir. 2001).

Plaintiffs can meet their burden by providing the Court with a sufficient basis for forming a "reasonable judgment" that each of the requirements have been met, taking the substantive allegations made in the Complaint as true. *Blackie v Barrack*, 524 F.2d 891, 900-901 (9th Cir. 1975).

Plaintiffs' pleadings and evidence establish each of the Rule 23(a) requirements:

"(1) the class is so numerous that joinder of all members is impractical, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties

---

[7] See, Kaufman Declaration, Exhibit G.

[8] See, Kaufman Declaration, Exhibit H.

5

1   are typical of the claims or defenses of the class, and (4) the representative parties will fairly and

2   adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

3          In addition, certification is proper under Rule 23(b)(2) because plaintiffs' pleadings and

4   evidence establish that the DHS has acted or refused to act on grounds generally applicable to the

5   class, making appropriate final injunctive relief or corresponding declaratory relief with respect to

6   the class as a whole.

7   **A.      PLAINTIFFS MEET THE FOUR PREREQUESITES OF RULE 23(a)**

8          **1.      The Class Is So Numerous That Joinder Is Impracticable**

9          Plaintiffs easily satisfy the numerosity requirement.

10         According to the May 29, 2007 Federal Register Notice re-designating Honduras for an

11  extension of TPS, the Secretary of Homeland Security estimated that there were approximately

12  78,000 nationals of Honduras residing in the United States who had been granted TPS and would

13  be eligible for re-registration. 72 FR 29529, page 29531.

14         According to the May 29, 2007 Federal Register Notice re-designating Nicaragua for an

15  extension of TPS, the Secretary of Homeland Security estimated that there were approximately

16  4,100 nationals of Nicaragua residing in the United States who had been granted TPS and would be

17  eligible for re-registration. 72 FR 29534, page 29535.

18         According to the August 21, 2007 Federal Register Notice re-designating El Salvador for an

19  extension of TPS, the Secretary of Homeland Security estimated that there were approximately

20  234,000 nationals of El Salvador residing in the United States who had been granted TPS and would

21  be eligible for re-registration. 72 FR 46649, page 46650.

22         Plaintiffs submit that the joinder of approximately 316,000 individuals residing across the

23  United States would be impractical and that plaintiffs' burden to show that the numerosity

24  requirement of Rule 23(a) is satisfied.

25

26

27

28                                                    6

1

2.      **Questions Of Law And Fact Are Common To The Class**

2        In order to satisfy the commonality requirement of Rule 23(a)(2), plaintiffs must demonstrate

3    that "there are questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). The

4    commonality requirement of Rule 23(a)(2) is "less rigorous than the companion requirements of

5    Rule 23(b)(3)." *Hanlon v Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). It is not necessary

6    that all questions of law and fact be common to satisfy the rule. *Id*. "The existence of shared legal

7    issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled

8    with disparate legal remedies within the class." *Id*. Commonality is satisfied where the lawsuit

9    challenges a system wide practice or policy that affects all of the putative class members. *LaDuke*

10   *v Nelson*, 762 F.2d 1318, 1332 (9th Cir. 1985).

11       Applying these standards, it is clear that plaintiffs satisfy the commonality requirement for

12   a class action lawsuit.

13       The plaintiff class shares identical questions of law and fact. Defendants' system wide policy

14   of imposing a fee for biometric service in addition to the $50.00 registration fee permitted under 8

15   U.S.C. §1254a(c)(1)(B) has been applied to each member of the plaintiff class. Each member of the

16   plaintiff class is a national of a country designated for TPS who remitted a $50.00 fee to register for

17   TPS, and was required by the DHS to remit an additional biometric service fee as a condition to

18   register for TPS. Each member of the plaintiff class was required to pay a fee for biometric collection

19   when the collection of biometric information was not required.

20

3.      **The Claims Of The Class Representatives Are Typical Of The Claims Of The Class.**

21

22       In order to satisfy the typicality requirement, plaintiffs must demonstrate "only that the

23   unnamed class members have injuries similar to those of the named plaintiffs and that the injuries

24   result from the same, injurious course of conduct." *Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir.

25   2001). Under the permissive standards of Rule 23(a), "representative claims are 'typical' if they are

26   reasonably co-extensive with those of absent class members; they need not be substantially

27   identical." *Id*, at 1020.

28

In the instant case, the injuries suffered by both the named and unnamed plaintiffs *are* substantially identical, and resulted from the same, injurious course of conduct on the part of the DHS. All plaintiffs suffered a financial loss when they were required to remit fees in excess of $50.00 as a condition for registering for TPS.

Both the named and unnamed plaintiffs are proceeding under identical legal theories. Both the named and unnamed plaintiffs contend that the DHS's policy of imposing a fee for biometric service in addition to the $50.00 registration fee permitted under 8 U.S.C. §1254a(c)(1)(B) violates 8 U.S.C. §1254a(c)(1)(B). Both the named and unnamed plaintiffs contend that the DHS unlawfully required the payment of a fee for biometric collection when the collection of biometric information was not required.

The named plaintiffs seek the same type of relief that is sought by the plaintiff class: A judgment declaring that the imposition of a separate, additional biometric service fee as a condition to register for TPS violates 8 U.S.C. §1254a(c)(1)(B), the repeal of those provisions of 8 C.F.R. §244.6 that require plaintiffs to remit a separate, additional biometric service fee as a condition for registering for TPS, and the return of all fees paid as a condition to register for TPS that exceeded the amount permitted under 8 U.S.C. §1254a(c)(1)(B), including and all fees paid for the collection of biometric information when the collection of biometric information was not required.

### 4.   Class Representatives And Class Counsel Will Adequately Protect The Interests Of The Class

Rule 23(a)(4) requires that "the representative parties will fairly adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). This requirement stems from the constitutional due process guarantee that the interests of absent class members will be adequately protected before entry of a judgment which binds them. *Hansberry v. Lee*, 311 U.S. 32, 42-43 (1940). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, *supra* at 1020.

There are no apparent conflicts of interest between the named and unnamed plaintiffs.

1   Indeed, the named plaintiffs share the same interests as the proposed class: Each seeks a judgment

2   declaring that the imposition of an $80.00 biometric service fee in addition to a $50.00 registration

3   fee as a condition to register for TPS violates 8 U.S.C. §1254a(c)(1)(B); each seeks the repeal of

4   those provisions of 8 C.F.R. §244.6 that require that a plaintiff remit an $80.00 biometric service fee

5   in addition to a $50.00 registration fee as a condition to register for TPS; each contends that the DHS

6   imposes a fee for the collection of biometric information when the collection of biometric

7   information is not required; each seeks the refund of all fees paid that have exceed the amount

8   permitted under 8 U.S.C. §1254a(c)(1)(B).  Moreover, none of the named plaintiffs assert individual

9   claims that could interfere with the vigorous prosecution of the claims of the plaintiff class.

10          It should be presumed that the named plaintiffs will prosecute the action vigorously on behalf

11  of the class.  Since the named plaintiffs' claims are substantially identical to those of the rest of the

12  class, protection of their own interests will result in the vigorous representation of the plaintiff class.

13          Further, the requirement of adequacy of class counsel is met here. "Absent a basis for

14  questioning the competence of counsel, the named plaintiffs' choice of counsel will not be

15  disturbed." *Mateo v M/S Kiso*, 805 F.Supp. 761, 772 (N.D. Cal. 1991). Plaintiffs' attorney's

16  experience ensures that he will fairly and adequately protect the interests of the class.  Plaintiffs'

17  attorney, Jonathan M. Kaufman,  has been an attorney practicing in the field of immigration law for

18  25 years. He has represented the named plaintiffs throughout their TPS proceedings. He has

19  significant experiencing representing clients in civil actions challenging immigration policy and

20  decisions before the United States Courts of Appeals for the Ninth and Second Circuit, the United

21  States District Courts for the Northern and Eastern Districts of California, and before administrative

22  tribunals of the United States Departments of Justice and Homeland Security. [9]

23          The qualifications of class counsel and the substantial interests of the named plaintiffs

24  ensures that they will fairly and adequately protect the interests of the entire class.

25  **B.       CERTIFICATION IS APPROPRIATE UNDER RULE 23(b)(2)**

26  _____

27          [9] See Kaufman Declaration

28                                                      9

1    Class certification is warranted under Rule 23(b)(2) if "the party opposing the class has

2    acted or refused to act on grounds generally applicable to the class, thereby making appropriate final

3    injunctive relief or corresponding declaratory relief with respect to the class as a while."

4    Fed.R.Civ.P. 23(b)(2).

5    Applying these standards here, to meet the requirements of Rule 23(b)(2) plaintiffs must

6    demonstrate (1) that the DHS's disputed policies apply to the class as a whole, and (2) that the final

7    injunctive relief is requested against the DHS.

8    This action falls squarely within the category of cases contemplated by Rule 23(b)(2).

9    The DHS admits that it requires an alien to remit an $80.00 biometric service fee in addition to a

10   $50.00 registration fee to register an alien for TPS. The DHS does not dispute that it imposes a fee

11   for the collection of biometric collection when biometric information has been previously collected.

12   Plaintiffs jointly seek final injunctive relief and/or corresponding declaratory relief against the DHS

13   with respect to the class as a whole.

14                                   **IV. CONCLUSION**

15   For all of the above reasons, plaintiffs respectfully request that the Court enter an order

16   certifying this action as a class action and certifying the following class:

17       All nationals of El Salvador, Honduras, and Nicaragua who have submitted
         applications to register for TPS and who were required by defendants, as
18       a condition to register for TPS, to remit a fee that exceeded the $50.00 permitted
         under 8 U.S.C. §1254a(c)(1)(B).
19

20   The named plaintiffs further request that they be certified as the representatives of the class

21   and that their counsel, Jonathan M. Kaufman, be certified as counsel for this class.

22   Dated: October 23, 2007

23                                                   Respectfully submitted,

24

25                                          _____
                                            JONATHAN M. KAUFMAN
26                                          Attorney for Plaintiffs

27

28                                   10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

11