JOSEPH P. RUSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney
   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7124; FAX: (415) 436-7169

LYLE D. JENTZER NYBN 1612662
Senior Litigation Counsel
J. MAX WEINTRAUB, VSBN 36188
Trial Attorney
   Office of Immigration Litigation
   U.S. Department of Justice, Civil Division
   P.O. Box 868, Ben Franklin Station
   Washington, DC 20044
   (202) 305-7551; FAX: (202) 305-7000

BRIAN A. MIZOGUCHI DCBN 409408
Senior Trial Counsel
   Commercial Litigation Branch
   Civil Division
   Department of Justice
   1100 L Street, N.W.
   Washington, D.C. 20530
   (202) 305-3319; FAX: (202) 514-8624

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE BAUTISTA-PEREZ, *et al.*, | No. C 07-4192 TEH |
| Plaintiffs, | SURREPLY TO PLAINTIFFS' REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |
| v. | |
| MICHAEL B. MUKASEY, Attorney General, *et al.*, | |
| Defendants. | Judge Thelton E. Henderson |
| | June 30, 2008, 10:00 a.m. Courtroom 12 |

Defendants' Surreply to Plaintiffs' Reply to Defendants' Memorandum in Opposition to
Plaintiffs' Motion for Class Certification
C 07-4192 TEH

Defendants[1] (collectively referenced hereinafter as "defendant" or "Government") by J. Max Weintraub, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, submit the Defendants' Surreply to Plaintiffs' Reply to Defendants' Memorandum in Opposition to Plaintiffs' Motion for Class Certification.[2]

## ARGUMENT

### I. PLAINTIFFS' CLAIMS ARE SUBJECT TO A SIX-YEAR STATUTE OF LIMITATIONS

**A. The Six-Year Bar of 28 U.S.C. § 2401(a) Applies to Plaintiffs' Claims.**

Plaintiffs erroneously rely on the holding of Cedars-Sinai Medical Center v Shalala, 125 F.3d 765, 770 (9th Cir. 1997) (finding that § 2401(a)'s six-year statute of limitations is not jurisdictional, but is subject to waiver) to assert that Defendants waived the affirmative defense that Plaintiffs' claims are limited by the six-year term described under 28 U.S.C. § 2401(a). When the Ninth Circuit saw that case a second time, however, following remand to the district court, it clarified its holding to note that, although the statute of limitations under § 2401(a) may be waived, the issue of waiver relies on whether Plaintiffs have the opportunity to respond to the government's position. Cedars-Sinai Medical Center v. Shalala, 177 F.3d 1126, 1129 (9th Cir. 1999) ("The issue then becomes whether the government waived its defense by waiting to bring it up until its reply to the opposition to its motion to dismiss. The Hospitals were able to file a

---

[1] Plaintiffs' First Amended Complaint named as defendants only the Attorney General and the Secretary of Homeland Security. The waiver of sovereign immunity to prosecute a claim for monetary relief in a district court pursuant to the Little Tucker Act is provided only for "claims against the United States," and thus the United States would be the only proper defendant for such a claim. See 28 U.S.C. § 1346(a)(2).

[2] This Surreply relates only to the issue of the statute of limitations and to the question of whether 8 U.S.C. § 1254a expressly prohibits DHS from charging a registration fee for each TPS registration period. Nevertheless, it should be noted that Plaintiffs attached to their Reply to Defendants' Opposition to Plaintiffs' Motion for Class Certification certain receipt notices indicating that Plaintiffs Salazar and Ramos filed for TPS before August 16, 2001, although Plaintiffs' previous allegations asserted the application dates of January 14, 2005, for Plaintiff Salazar and January 29, 2005, for Plaintiff Ramos.

Defendants' Surreply to Plaintiffs' Reply to Defendants' Memorandum in Opposition to Plaintiffs' Motion for Class Certification
C 07-4192 TEH                    2

sur-reply in response to the government's position.").

Here, the government raised the statute of limitations defense in its Answer, before raising it again in the opposition to Plaintiffs' motion for class certification.[3] As was the case for the plaintiffs in Cedars-Sinai II, Plaintiffs here cannot deny that they have had and continue to possess sufficient opportunity to respond to the position asserted by the government. The government has therefore not waived its assertion that Plaintiffs' claims are limited by the six-year bar contained in 28 U.S.C. § 2401(a).

**B. Even If 28 U.S.C. § 2401(a) Does Not Apply, 28 U.S.C. § 2501 Limits Plaintiffs' Claims to Six Years.**

Regardless of whether this Court finds that 28 U.S.C. § 2401(a) limits Plaintiffs' claims to those accruing since August 15, 2001, Plaintiffs' claims are nonetheless limited by the six-year period contained in 28 U.S.C. § 2501.[4] The U.S. Supreme Court has held that § 2501 is jurisdictional and, therefore, not waivable. John R. Sand & Gravel Co. v. U.S., –U.S.–, 128 S.Ct. 750, 753 (2008) (affirming decision of the Court of Appeals for the Federal Circuit, which found that the government could not waive the limitations period described under § 2501 because the statute seeks to "achieve a broader system-related goal, such as facilitating the administration of claims.").

This Court has previously found that the district court here has jurisdiction concurrent with the Court of Federal Claims. (Order Denying Motion To Dismiss or Transfer Venue, February 4, 2008, pp 7-8) ("The Little Tucker Act gives district courts concurrent jurisdiction with the Court of Federal Claims . . . .") (citing 28 U.S.C. § 1346(a)(2)). If this Court possesses jurisdiction over

---

[3] With respect to this Honorable Court, Defendant continues to maintain that the Answer was its first responsive pleading in this action. See Fed. R. Civ. P. 7, limiting "pleadings" to a Complaint, an Answer to a Complaint, an Answer to a counterclaim designated as a counterclaim, an Answer to a crossclaim, a third-party Complaint, an Answer to a third-party Complaint, and, if the court orders one, a Reply to an Answer.

[4] Section 2501 reads, "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."

Defendants' Surreply to Plaintiffs' Reply to Defendants' Memorandum in Opposition to Plaintiffs' Motion for Class Certification
C 07-4192 TEH                                                                 3

this action concurrent with the Court of Federal Claims, then, *ipso facto*, jurisdiction over this action necessarily also lies in the Court of Federal Claims. The six-year limitations period contained in 28 U.S.C. § 2501, relating to "Every claim of which the United States Court of Federal Claims has jurisdiction," and which the U.S. Supreme Court held in Sand is jurisdictional and not waivable, must therefore apply as against Plaintiffs' claims, even though the government has not previously asserted § 2501.

Moreover, regarding Tucker Act or Little Tucker Act claims, whether applying § 2401 or § 2501, Congress has established a limited waiver of sovereign immunity as a system to provide for administering money claims against the federal government throughout the nation's federal courts. It cannot be the case that Congress and the Supreme Court meant for the six-year statute of limitations to be waivable in district court but not in the Court of Federal Claims, when the two share concurrent jurisdiction. Such a deviation from Sand would be contrary to the "system" Congress established to facilitate the administration of money claims against the federal government in its federal courts.

## II. DHS Is Not Barred By 8 U.S.C. § 1254a From Charging $50 For Each Registration Period.

Plaintiffs mistakenly assert that 8 U.S.C. § 1254a prohibits DHS from charging the $50 registration each time TPS registration is extended. Plaintiffs' Reply to Class Certification Opposition ("Pl. Rep.") at 4. Specifically, Plaintiffs claim that "8 U.S.C. § 1254a(c)(1)(A) specifies that the registration fee permitted under 8 U.S.C. § 1254a(c)(1)(B) may be imposed only once, at the time a country is initially designated for TPS under 8 U.S.C. § 1254a(b)(1)." Id. The statute, however, does not restrict the Government's authority to charge up to $50 at each registration period. This assertion is patently false, because § 1254a(c)(1)(A) contains no such language. With regard to charging a registration fee, the section reads: "The Attorney General may require payment of a reasonable fee as a condition of registering an alien under subparagraph (A)(iv) (including providing an alien with an 'employment authorized' endorsement or other appropriate work permit under this section). The amount of any such fee shall not exceed $50."

Defendants' Surreply to Plaintiffs' Reply to Defendants' Memorandum in Opposition to Plaintiffs' Motion for Class Certification
C 07-4192 TEH                                              4

1  Id.  Furthermore, the statute specifically mandates that an individual must register annually in
2  order to maintain temporary protected status, but it does not legislate that this should be done
3  without fee.  Indeed, the statute states that temporary protected status may be withdrawn where
4  "the alien fails, without good cause, to register with the Attorney General annually, at the end of
5  each 12-month period after the granting of such status, **in a form and manner specified by the**
6  **Attorney General**."  28 U.S.C. §1254a (c)(3)(C) [emphasis added].  There is no mention of a
7  limitation or restriction, other than the prohibition against charging more than $50.
8      With all respect to this Honorable Court, Defendants continue to maintain that the statute
9  refers specifically to fees for registration and is silent on the issue of additional service fees such
10 as those provided for under 8 C.F.R. § 244.6 and described in detail by 8 C.F.R. § 103.7.  A
11 service fee charged under 8 C.F.R. § 103.7, for any individual who is required to have biometric
12 information captured in connection with an application is simply not a "fee as a condition of
13 registering," as contemplated by 8 U.S.C. § 1254a(c)(1)(B).  It is a separate and distinct fee
14 charged to aliens who can receive the benefit of TPS only after DHS, by using their biometric
15 information to obtain FBI background checks, determines that the aliens qualify for such relief.
16     Should this Court accept Plaintiffs' proposition that the biometrics fee is included in the
17 statute's meaning of "registration" fee, however, then it must also find that DHS is entitled to
18 charge up to $50 for each registration period.

## CONCLUSION

20     Plaintiffs' claims are limited to those which accrued on or before August 16, 2001 – six years
21 before Plaintiffs commenced this action.  In addition,  8 U.S.C. § 1254a(b)(1) does not prohibit
22 DHS from charging a $50 registration fee each time TPS registration is extended.

24     Dated this 16th day of June, 2008.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully submitted,


JOSEPH P. RUSONIELLO,
United States Attorney

ILA C. DEISS
Assistant United States Attorney

BRIAN A. MIZOGUCHI
Senior Trial Counsel
Commercial Litigation Branch

LYLE D. JENTZER
Senior Litigation Counsel

/s/J. Max Weintraub
J. MAX WEINTRAUB
Trial Attorney
Office of Immigration Litigation
Civil Division
Department of Justice
Washington, D.C.

Attorneys for Defendants

Defendants' Surreply to Plaintiffs' Reply to Defendants' Memorandum in Opposition to
Plaintiffs' Motion for Class Certification
C 07-4192 TEH                           6

# **CERTIFICATE OF SERVICE**

Case No. 07-cv-04192

I hereby certify that on June 16, 2008, a copy of the foregoing "EX PARTE MOTION TO FILE SURREPLY TO PLAINTIFFS' REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION" was filed electronically using the Court's electronic filing system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

  /s/ J. Max Weintraub
J. MAX WEINTRAUB
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
Post Office Box 868
Ben Franklin Station
Washington, D.C. 20044
Email: jacob.weintraub@usdoj.gov