IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSE BAUTISTA-PEREZ, et al.,

    Plaintiffs,

v.

PETER D. KEISLER, Acting Attorney General and MICHAEL CHERTOFF, Secretary of Homeland Security,

    Defendants.

NO. C 07-4192 TEH

ORDER VACATING HEARING AND SETTING CASE MANAGEMENT CONFERENCE

The Court is in receipt of the parties' briefing on Plaintiffs' Motion for Class Certification. After reviewing the briefing, the Court has several concerns about Plaintiffs' counsel's experience conducting complex class actions, and therefore about the adequacy of representation under Fed. R. Civ. Pro. 23(a)(4).[1] *See Dukes v. Wal-Mart, Inc.,* 509 F.3d 1168, 1185 (9th Cir. 2007) (Rule 23(a)(4) requires plaintiffs to be represented by qualified and competent counsel); *Crawford v. Honig,* 37 F.3d 485, 487 (9th Cir. 1994)(same).

Several issues arising in the briefs present "a basis for questioning the competence of counsel" (*see Mateo v. M/S KISO,* 805 F.Supp. 761, 771 (N.D.Cal. 1992) to bring this particular class action, which involves a class potentially numbering in the hundreds of thousands and claims for reimbursement potentially totaling over $100,000,000.00.

---

[1] The Court expresses no opinion, with this Order, on any of the other requirements for class certification discussed in the briefing.

First, although Plaintiffs' counsel, Jonathan Kaufman, appears to be an experienced immigration attorney, he has not shown that he has experience litigating or managing class actions brought under Fed. R. Civ. Pro. 23. Although he brought *Alfaro-Orellana v. Ilchert,* United States District Court for the Northern District of California Case No. C-88-4729-CAL, as a class action on behalf of nearly 100 individuals challenging an INS policy, it was not litigated as a class action; the district court denied certification because decision on the sole issue of law would be binding on the defendant as to all asylum applicants, so that the plaintiffs had no need to invoke class action procedures to get the relief they sought. *Alfaro-Orellana v. Ilchert*, 720 F.Supp. 792, 793 (N.D.Cal. 1989). The other cases Mr. Kaufman offers in support of his qualifications involve simple challenges by one or a few individuals to particular INS or BIA decisions.

Second, the Court is concerned that counsel may not have sufficient experience conducting discovery in class actions. While Plaintiffs may well be able to show this case is suitable for class treatment on the basis of statutes, regulations, and publicly available policy and fact statements by DHS alone (again, the Court expresses no opinion on other certification factors), it does not appear that Plaintiffs' counsel has conducted discovery, has plans to conduct discovery,[2] or is even aware of what evidence could be gathered through discovery. Plaintiffs' counsel relies on presumptions and estimates in support of the Motion for Class Certification in a manner which suggests he may not be aware of the range of discovery he could conduct. For example, he states that it would be "impossible for Plaintiffs to specify the exact number of applicants who re-registered for TPS in 2007 because the USCIS does not publish that statistical information," Reply at 2:4-5, that Plaintiffs cannot specify how many TPS applicants were under 14 when they registered because a statute requires "that the Secretary of Homeland Security protect the confidentiality of information provided by TPS registrants," Reply at 2:17-18, that Plaintiffs "are not privy to" confidential records, *id.* at 228-3:1, and that "presumably" DHS could have

---

[2] The Parties' Joint Case Management Statement, filed January 7, 2008, states that the parties do not intend to take discovery.

2

1  retrieved biometric information from thousands of individuals in 2007, *id.* at 6:11-12.  While
2  the Court expresses no opinion about whether such facts are ultimately discoverable under
3  the circumstances of this case, or whether they are necessary to resolution of the class
4  certification motion, the Court is concerned by comments which seem to reveal a possible
5  unfamiliarity with the reach and uses of discovery in class actions.  While Plaintiffs are free
6  to choose the most cost-effective method of carrying their burden of proof, the Court must be
7  assured that this is a fully informed choice.

8        Third, some errors of law in the briefs suggest that Plaintiffs' counsel does not have
9  the experience outside the immigration field required for complex class action litigation.  For
10 instance, Plaintiffs argue that Defendants have waived all statute of limitations defenses by
11 failing to raise them in the motion to dismiss.  Reply at 5:3-12.  This argument reveals a
12 fundamental misunderstanding of Defendants' contention, which is that because the class
13 definition is not limited in time, the claims of some *individuals* included in the class are time-
14 barred.  This is a distinct question from whether the causes of action asserted in the
15 complaint are time barred.  Moreover, Plaintiffs' theory that Defendants had to raise their
16 statute of limitations defense as a motion to dismiss under 12(b)(6) for failure to state a
17 claim[3] or waive it is utterly without merit.  Defendants raised their statute of limitations
18 defense in their Answer.  Answer, filed April 18, 2008, ¶ 35.  The defense of failure to a
19 state claim may be raised in any pleading listed in Rule 7(a), including an Answer, and is not
20 waived for failure to include it in a Rule 12 motion.  Fed. R. Civ. Pro. 12(g), 12 (h)(1)(B)(ii).
21 This is hornbook law.  *See, e.g.,* Schwarzer et al., *Federal Civil Procedure Before Trial* §§
22 9:15, 9:17, 9:43.  Moreover, Defendants could not have raised the statute of limitations
23 argument they actually make – that the claims of some unnamed class members are time-
24 barred – in their Rule 12 motion at all, because only the eight named plaintiffs were before

---

[3] *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir.1980)(motion alleging facts and dates alleged in the complaint indicate the claim is barred by the statute of limitations properly brought as motion to dismiss for failure to state a claim).

3

the Court. The Court is disturbed by this apparent failure to grasp both basic elements of procedure and a relatively straightforward argument about the composition of the class.[4]

Finally, the Court notes that given the complexity of the legal questions at issue, the number of people potentially affected, and the magnitude of the relief Plaintiffs seek, Plaintiffs' research, analysis, and briefing has not been as comprehensive or rigorous as the work the Court customarily considers in comparable cases. *See, e.g.,* Motion for Preliminary Injunction and Memorandum of Points and Authorities in Support, filed August 22, 2007 (six pages). The Court has been forced to do significant independent research to ensure it considered all relevant regulatory history, facts, precedent, and arguments.

Like other cases involving challenges to immigration rules or policies, this case will depend in no small part on resolution of purely legal issues. However, because it is a class action involving thousands, if not tens or hundreds of thousands, of individuals, each of whom may have differing monetary claims should Plaintiffs prevail, the Court must be assured that Plaintiffs' counsel is prepared and qualified to manage the class, prepare the case for trial if necessary, deal with relief issues if Plaintiffs prevail, and grapple with the complex substantive and procedural issues that may arise.

Accordingly, rather than consider the parties' briefing on all certification issues when one factor appears on its face to be problematic, the Court will vacate the hearing on the pending certification motion and instead set the initial Case Management Conference for that time. At the conference, the Court will consider any presentation Plaintiffs' counsel would like to make about his qualifications to represent the class. Plaintiffs' counsel should also be prepared to discuss whether this Court should order Plaintiffs to associate another counsel experienced in complex class action litigation.

---

[4] Although the reasoning behind Plaintiffs' argument is not entirely clear, counsel seems to have reasoned that because one case said that a statute of limitations defense under 28 U.S.C. § 2401(a) is "not jurisdictional, but subject to waiver," *Cedars-Sinai Medical Center v. Shalala*, 125 F.3d 765, 770 (9th Cir. 1997), and another said that a non-jurisdictional statute of limitations claim "should have been raised through a Rule 12(b)(6) motion to dismiss," *Supermail Cargo, Inc. v. USA,* 68 F.3d 1204, 1206 n.2 (9th Cir. 1995), then a statute of limitations defense under § 2401(a) is waived if not raised in a motion to dismiss. *See* Reply a 5:3-12.

4

Hearing on Plaintiffs' Motion for Class Certification, now set for Monday, June 30, 2008 at 10:00 a.m., is hereby VACATED.  A Case Management Conference is hereby SET for June 30, 2008 at 10:00 a.m.

**IT IS SO ORDERED.**

Dated: 6/19/08

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT