IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE BAUTISTA-PEREZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PETER D. KEISLER, Acting Attorney General and MICHAEL CHERTOFF, Secretary of Homeland Security, <br><br> Defendants. | NO. C 07-4192 TEH <br><br> ORDER |

In the parties' Joint Case Management Conference Statement, filed August 15, 2008, the Defendant proposed that the Court try a liability test case and allow time for an interlocutory appeal before proceeding, if necessary, to class certification.  Plaintiff, on the other hand, proposed that the Court first allow discovery on class certification issues and hear Plaintiffs' class certification motion, and then proceed to merits discovery and a decision on liability.  Although the parties offered to brief the issue further, the Court finds that the parties have provided sufficient briefing in their Statement for the Court to exercise its broad discretion without further submissions.  For the reasons set out below, the Court will follow its usual practice of hearing Plaintiff's motion for class certification, and only then turn to the merits.

1   Fed. R. Civ. Pro. 23(c)(1)(A) requires this Court to rule on class certification "at an
2   early practicable time."[1] In the Ninth Circuit, "district courts generally do not grant summary
3   judgment on the merits of a class action until the class has been properly certified and
4   notified." *Schwarzschild v. Tse,* 69 F.3d 293, 295 (9th Cir. 1995); accord 7 *Moore's Federal*
5   *Practice 3d* § 23.81[2] (noting some circuits discourage pre-certification dispositive rulings,
6   and citing to *Schwartzchild*); *West v. Circle K Stores, Inc.*, 2006 WL 355214 (E.D.Cal.
7   February 14, 2006)("preferable" to review motion for class certification first).

8   Although Rule 23 "clearly favors early determination of the class issue, "the timing
9   provision of Rule 23 is not absolute." *Wright v. Schock,* 742 F.2d 541, 543-44 (9th Cir.
10  1984). A defendant "may waive the protection afforded by an early ruling on class
11  certification," and

12  [u]nder the proper circumstances – where it is *more practicable to do so* and where the parties *will not suffer significant prejudice* – the district court has discretion to rule
13  on a motion for summary judgment before it decides the certification issue.

14  *Id.* at 543-544 (emphasis added). If "considerations of fairness and economy" militate in
15  favor of doing so and defendants have consented to the procedure, the court may rule on
16  summary judgment first. *Id.* at 545-46.

17  There is no doubt, therefore, that this Court has the discretion to start dispositive
18  motions. As Defendant points out, the Federal Court of Claims recently did so in an
19  exactions case. *See Figueroa v. United States,* 466 F.3d 1023, 1028 n.6 (Fed. Cir.
20  2006)(motion for class certification stayed while court resolved dispositive motions, then
21  denied as moot after summary judgment granted for government).

22  In this case, however, the Court finds that it is not "more practicable" to reach the
23  merits first. Defendant is correct that an early ruling on liability might "resolve the question
24  of whether there is any case for a class to pursue," but that is true of every case. Something
25  more is required for this Court to break with the ordinary course of class litigation.

---

[1] This formulation replaced the earlier mandate that the Court resolve certification "as soon as practicable after commencement of an action," but was intended to allow courts more flexibility and reflect prevailing practice rather than depart from older cases. 5 *Moore's Federal Practice 3d.* § 23.81[1], citing Rule 23, advisory committee note of 2003.

2

Defendant's core argument is that resolving class certification first will be unnecessarily expensive and burdensome. But although Defendant claims discovery on certification issues is a potentially enormous undertaking given the size of the class, the scope of the class period, the way in which records are kept, and the number of individual transactions at issue, Joint Case Management Conference Statement, filed August 15, 2008 ("JCMCS") at 9, Plaintiffs have offered to narrow their class certification discovery significantly. JCMCS Exh. F (August 6, 2008 Letter from Linda Dardarian to Brian Mizoguchi). Now the discovery Plaintiffs seek consists largely of authentications of publicly available documents (such as reports, policy statements, forms and fact sheets), data supporting factual assertions about the number of individuals who have filed or maybe eligible for TPS registration (or firm estimates of those numbers), and admissions about Defendant's policies. *Id.*; JCMCS Exh. E (requests for admissions). Viewed in context, this is not labor-intensive, expensive, or burdensome discovery.

Nor has Defendant shown that cross-motions for summary judgment can (or should) proceed quickly without discovery on the merits. Defendant's argument at the hearing shows the government believes this case will be a straightforward matter of statutory interpretation. But even so, Plaintiffs are entitled to discover and present evidence not only about Defendant's stated policies but about its actual practices. Accordingly, the Court cannot say at this juncture that merits discovery will be insignificant, or that the Court could resolve a dispositive motion within a matter of months.[2]

---

[2] Plaintiffs also argue that using a test case procedure would possibly lead to repetitive and wasteful litigation: any decision would bind only the Plaintiffs themselves, Plaintiffs may choose not to appeal a ruling adverse to them, and others – potentially hundreds of thousands of members of the putative class – could assert their claims individually all over the country. Although there is a possibility of inconsistent results, the danger of repetitive litigation does not weigh heavily here: it seems unlikely that the judicial system would face a spate of individual lawsuits asserting complex statutory claims against the federal government, each seeking a refund of only several hundred dollars' worth of fees. *Cf. Bauman v. United States District Court,* 557 F.2d 650, 660 n.12 (9th Cir. 1977)(class actions are intended to eliminate the possibility of repetitious litigation and provide small claimants with a means of obtaining redress for claims too small to justify individual litigation); *In re Lupron Marketing and Sales Practices Litigation,* 228 F.R.D. 75, 92 (D.Mass. 2005)(class action is superior where it may be the only means by which most can obtain redress).

3

Moreover, it is possible that members of the putative class could suffer prejudice were the class certification motion delayed until after dispositive motions (and a possible interlocutory appeal). *See Arnold v. Arizona Dept. of Public Safety*, 233 F.R.D. 537, 540 (D. Ariz. 2005)(permissible to proceed on merits before class certification "so long as no prejudice results"). If the TPS programs for Honduras, Nicaragua, and El Salvador are not renewed in 2009, class members will lose their immigration status and could be deported, making it realistically impossible for them to be notified of the suit, get relief if the suit ultimately succeeds, or bring their own claims if it does not.

In short, Defendant has not shown that early resolution of dispositive motions is "*more* practicable" than proceeding to class certification or "likely to protect both the parties and the court from needless and costly further litigation." *Wright*, 742 F.2d at 543-544. Class-related discovery and resolution of Plaintiffs' motion for class certification are unlikely to be enormously burdensome. There is no assurance that determining liability will either be quick or lead to the end of the litigation: although Defendant will assert new theories that the Court has not yet considered, the Court previously found that Plaintiffs have shown a "high likelihood of success on the merits." Order Denying Motion for Preliminary Injunction, October 17, 2007, at 5-10. Accordingly, the Court will not depart from its ordinary practice of resolving Plaintiffs' motion for class certification before proceeding to the merits.

As the Court noted at the hearing, the agreement to conduct no discovery set out in the initial joint case management statement of January 7, 2008 is no longer in force, and the parties may proceed with discovery relating to class certification. The parties are hereby ORDERED to meet and confer, and submit to the Court a stipulation and proposed Order setting out a schedule for discovery on class certification issues, Plaintiffs' motion for class

//
//
//

4

certification, merits discovery, and further merits proceedings within 14 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: 8/21/08

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

5