1

2
OF COUNSEL:
3
JOSEPH P. RUSSONIELLO
4  United States Attorney
JOANN M. SWANSON
5  Assistant United States Attorney
Chief, Civil Division
6  ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney
7          450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
8          Telephone: (415) 436-7124
FAX: (415) 436-7169
9
J. MAX WEINTRAUB
10  Senior Litigation Counsel
Office of Immigration Litigation
11  U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
12          Washington, DC 20044
(202) 305-7551;  FAX: (202) 305-7000
13

MICHAEL F. HERTZ
Acting Assistant Attorney General
JEANNE E. DAVIDSON
Director
BRIAN A. MIZOGUCHI
Senior Trial Counsel
ELIZABETH A. SPECK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
(202) 305-3319; FAX: (202) 305-7644

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE BAUTISTA-PEREZ, *et al.*, <br><br> Plaintiffs, <br><br> MARK FILIP, Acting Attorney General of the <br> United States, and <br><br> JANET NAPOLITANO, Secretary of <br> Homeland Security, <br> Defendants. | No. C 07-4192 THE <br><br> Defendants' Motion To Dismiss <br><br> Hearing Date: March 2, 2009 <br> Time:  10:00 a.m. <br> Dept.   Courtroom 12 <br> Judge: Hon. Thelton E. Henderson |

**PLEASE TAKE NOTICE** that on March 2, 2009, at 10:00 a.m., or as soon thereafter as the

parties may be heard, defendants will bring for a hearing this motion to dismiss this action pursuant

to Federal Rule of Civil Procedure Fed. R. Civ. P. §§ 12(b)(1) and (b)(3) on the grounds that

plaintiffs have failed to plead claims and name the proper defendant for which a waiver of sovereign

1  immunity to prosecute claims against the United States exists; subject matter jurisdiction is therefore

2  lacking, and venue is improper.  The hearing will take place before the Honorable Thelton E.

3  Henderson, in Courtroom 12, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102.  This

4  motion is based on this notice, the following memorandum of points and authorities, and all

5  pleadings and papers filed in this action and such oral argument as may be presented at the hearing

6  on this motion.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

TABLE OF CONTENTS............................................................ I

TABLE OF AUTHORITIES....................................................... ii

MEMORANDUM................................................................. 2

INTRODUCTION.............................................................. 2

QUESTIONS PRESENTED...................................................... 3

STATEMENT OF FACTS........................................................ 4

ARGUMENT.................................................................. 6

    I.     Standard of Review.................................................. 6

    II.    This Court Lacks Jurisdiction To Entertain Claims For Money Damages Where Plaintiffs Have Not Filed A Complaint Pleading 28 U.S.C. § 1346, The Little Tucker Act, And Pleading That The "United States" Is The Party Defendant.............. 7

        A.    Plaintiffs Have Not Pled A Waiver Of Sovereign Immunity............... 7

        B.    Plaintiffs Have Not Pled The Proper Party Defendant For Little Tucker Act Claims....................................................... 8

        C.    Plaintiffs' Case For Prospective Relief Is Moot And, In Any Event, Foreclosed By The Availability Of The Little Tucker Act Jurisdiction That They Elect Not To Plead........................................................ 10

    III.   Assuming An Amended Complaint Pleading The Little Tucker Act And Naming The United States as Defendant, 28 U.S.C. § 1402(a) Limits The Prosecution Of Little Tucker Act Claims To The District In Which Plaintiffs Reside.................. 11

        A.    The Little Tucker Act Venue Issue Will Arise When Little Tucker Act Jurisdiction And The Proper Party Defendant Are Pleaded In A Complaint......................................................... 11

        B.    TPS Applicants Will Fail To Comply With 28 U.S.C. Section 1402 Because They Do Not Reside Within This Court's District And Because They Are Aliens Who Lack Any Legal Residence And Thus Venue Except As Congress Provided Conditionally Pursuant to 28 U.S.C. §2502.................... 13

            1.    Plaintiffs' Proposed Class Would Contravene 28 U.S.C. § 1402(a)(1)............................................... 14

            2.    TPS Aliens Lack Residence Within The United States For District Court Venue Over Claims Against The United States Based Upon Plaintiff Residence........................................... 16

CONCLUSION................................................................. 18

i

1

TABLE OF AUTHORITIES

2

CASES

3

Abrams Shell v. Shell Oil Co.,
    343 F.3d 482 (5th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

4

American Home Assurance Co. v. TGL Container Lines, Ltd.,

5
    347 F. Supp.2d 749 (N.D. Cal. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 12

6

Argonaut Navig. v. United States,
    142 F. Supp. 489 (D.C.N.Y. 1956). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

7

Autery v. United States,

8
    424 F.3d 944 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

9

Baca v. United States,
    1974 WL 704 (W.D. TX 1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

10

Bautista-Perez v. Keisler,

11
    2007 WL 3037611 (N.D. Cal. Oct. 17, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

12

Bautista-Perez v. Mukasey,
    2008 WL 314486 (N.D. Ca. Feb. 4, 2008).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 12

13

Brandt v Cleveland Nat. Forest Service,

14
    843 F.2d 1222,1223 (9th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

15

Briggs v. United States,
    564 F.Supp.2d 1087 (N.D. Cal. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7, 11

16

Briggs v. United States,

17
    No. 07-05760 (N.D. Cal. Jan. 16, 2009)(Doc. 61).. . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

18

Bywaters v. United States,
    196 F.R.D. 458.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

19

Brown v. United States,

20
    105 F.3d 621 (Fed. Cir. 1997).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

21

Consolidated Edison Co. of New York, Inc. v. Dep't. of Energy,
    247 F.3d 1378 (Fed. Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11

22

Dugan v. Rank,

23
    372 U.S. 609 (1963).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

24

Dukes v. Wal-Mart Stores, Inc.,
    2001 WL 1902806 (N.D. Cal. Dec. 3, 2001).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

25

Elias v. Connett,

26
    908 F.2d 521 (9th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

27

28

ii

Favereau v. United States,
    44 F. Supp. 2d 68 (D. Me. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

Figueroa v. United States,
    57 Fed. Cl. 488 (2003), aff'd 466 F.3d 1023 (Fed. Cir. 2006), cert. denied,
    127 S.Ct. 2248 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Finley v. United States,
    490 U.S. 545 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9

Galveston, H & S.A. Ry. Co. v. Gonzales,
    151 U.S. 496 (1894). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Hendricks v. Bank of America N.A.,
    408 F.3d 1127 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Henke v. United States,
    60 F.3d 795 (Fed.Cir.1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Hill v. United States,
    571 F.2d 1098 (9th Cir. 1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Hodge v. Dalton,
    107 F.3d 705 (9th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Hou Hawaiians v. Cayetano,
    183 F.3d 945 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Hughes v. United States,
    701 F.2d 56 (7th Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9

Immigration Assistance Project of Los Angeles Cty. Federation of Labor (AFL-CIO) v. I.N.S.,
    306 F.3d 842 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

Kester v. Campbell,
    652 F.2d 13 (9th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Leider v. United States,
    301 F.3d 1290 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Li v. Chertoff,
    2008 WL 4962992 (N.D. Cal. Nov. 19, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Lowe v. United States,
    37 F. Supp. 817 (D. C.N.J. 1944). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment Allied Industries Fund,
    967 F.2d 688 (1st Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

McCarthy v. United States,
    850 F.2d 558 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

iii

Neirbo Co. v Bethlehem Shipbuilding Corp.,
    308 U.S. 165 (1939). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Oliver v. United States,
    149 F.2d 727 (9th Cir.1945). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Ou v. Chertoff,
    2008 WL 686869 (N.D. Cal. Mar. 12, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

Rates Technology v. Nortel Networks Corp.,
    399 F.3d 1302 (Fed. Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Reid Wrecking Co. v. United States,
    202 F. 314 (N.D. Ohio 1913). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Reynolds v. Army & Air Force Exch. Serv.,
    846 F.2d 746 (Fed. Cir.1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Saints v. Winter,
    2007 WL 2481514 (S.D. Calif. Aug. 29, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9

Savage v. Glendale Union High School, District No. 205,
    343 F.3d 1036 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Shaw v. Gwatney,
    795 F.2d 1351 (8th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15

Sutcliffe Storage & Warehouse Co. v. United States,
    162 F.2d 849 (1st Cir.1947). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Transaero, Inc. v. La Fuerza Aerea Boliviana,
    162 F.3d 724 (2nd Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tuscon Airport Authority v. General Dynamics Corp.,
    136 F3d 641, 645 (9th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

U.S., for Use of Mutual Metal Mfg. Co. v. Biggs,
    46 F. Supp. 8 (D.C., Ill. 1942). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8, 13

United States v. Sherwood,
    312 U.S. 584 (1941). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 9, 13

Van Drasek v. Lehman,
    762 F.2d 1065 (D.C. Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Washington Legal Found. v. United States Sentencing Commission,
    89 F.3d 897 (D.C.Cir.1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Whittington v. United States,
    240 F.R.D. 344 (S.D. Tex 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Wright v. Gregg,
    685 F.2d 340 (9th Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

iv

Zhang v. Chertoff,
     2008 WL 5271995 (N.D. Cal. Dec. 15, 2008)...................................... 16

STATUTES

5 U.S.C. § 702. ............................................................................ 5, 7

8 U.S.C. §1254a(c)(1)(B)................................................................... 4, 11

15 U.S.C. § 2805(a). ........................................................................ 15

28 U.S.C. § 1295(a)(2)....................................................................... 7

28 U.S.C. § 1331. .......................................................................... 4, 7

28 U.S.C. § 1346. ....................................................................... passim

28 U.S.C. § 1361. .......................................................................... 4, 7

28 U.S.C. § 1391(e). ...................................................................... 11, 17

28 U.S.C. § 1402. ....................................................................... passim

28 U.S.C. § 1491. .......................................................................... 5, 9

28 U.S.C. §2502............................................................................ passim

OTHER RULES

73 Fed. Reg 71,020-21 (Nov. 24, 2008). ....................................................... 10

73 Fed. Reg. 57,128 (Oct. 1, 2008). .......................................................... 10

v

MICHAEL F. HERTZ
Acting Assistant Attorney General
JEANNE E. DAVIDSON
Director
OF COUNSEL:                              BRIAN A. MIZOGUCHI
                                         Senior Trial Counsel
JOSEPH P. RUSSONIELLO                     ELIZABETH A. SPECK
United States Attorney                    Trial Attorney
JOANN M. SWANSON                          Commercial Litigation Branch
Assistant United States Attorney          Civil Division
Chief, Civil Division                     Department of Justice
ILA C. DEISS, NY SBN 3052909             1100 L Street, N.W.
Assistant United States Attorney          Washington, D.C. 20530
      450 Golden Gate Avenue, Box 36055   (202) 305-3319; FAX: (202) 305-7644
      San Francisco, California 94102
      Telephone: (415) 436-7124
      FAX: (415) 436-7169

J. MAX WEINTRAUB
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
      P.O. Box 868, Ben Franklin Station
      Washington, DC 20044
      (202) 305-7551;  FAX: (202) 305-7000

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE BAUTISTA-PEREZ, *et al.*, | No. C 07-4192 THE |
| Plaintiffs, | Defendants' Motion To Dismiss |
| MARK FILIP, Acting Attorney General of the United States, and | Hearing Date:  March 2, 2009<br>Time:  10:00 a.m.<br>Dept.   Courtroom 12 |
| JANET NAPOLITANO, Secretary of Homeland Security, | Judge: Hon. Thelton E. Henderson |
| Defendants. | |

1

2

3

4

5

6                                  MEMORANDUM

7

8                                  INTRODUCTION

9          Plaintiffs have not pled 28 U.S.C. § 1346(a)(2), the Little Tucker Act, in a complaint.  Nor

10   have plainitffs filed a complaint against "the United States," the proper party defendant for such

11   claims, despite the Court's February 28, 2008 order ruling that the Tucker Act applies to their money

12   claims.  Because the waiver of sovereign immunity necessary to prosecute a claim for monetary

13   relief in a district court (which sits as a Court of Federal Claims pursuant to the Little Tucker Act[1]) is

14   provided only for "claims against the United States," 28 U.S.C. § 1346(a)(2), the "United States" is

15   the only proper defendant for plaintiffs' claims seeking to recover money from the United States.[2]

16   Plaintiffs' complaint names only two individual federal officers as defendants. This is not merely a

17   misnomer; plaintiffs' refusal[3] to amend their complaint to assert the Little Tucker Act and to name

18   the proper party defendant amounts to a disclaimer of the necessary waiver of sovereign immunity

19

20   _____

21       [1]   U.S., for Use of Mutual Metal Mfg. Co. v. Biggs, 46 F. Supp. 8, 10 (E.D. Ill. 1942), citing
     United States v. Sherwood, 312 U.S. 584, 591, 61 S.Ct. 767 (1941).

22

23       [2]   Id.; Saints v. Winter, 2007 WL 2481514 at *4 (S.D. Calif. Aug. 29, 2007)( citing 28 U.S.C.
     § 1346(a)(2) and Finley v. United States, 490 U.S. 545, 552-53 (1989) and holding that suit against
24   "Secretary of the Navy" is not viable because "[s]uits under the Tucker Act are permitted only
     against the United States, not its agencies"); Hughes v. United States 701 F.2d 56, 58 (7th Cir. 1982)
25   (amendment adding the "United States" as a party to a complaint against the Department of Justice
     was a substitution of a party rather than a mere correction of a misnomer).

26       [3]   We consulted with plaintiffs' counsel about the possibility that we would file a motion to
     dismiss.  On January 9, 2009, plaintiffs' counsel advised us that they do not intend to seek leave to
27   amend their complaint to allege the Little Tucker Act or to name the United States as a party.

28                                        -2-

1   and jurisdiction to prosecute such claims.  Plaintiffs' money claims consequently must be dismissed

2   for lack of jurisdiction.

3        Further, the availability to plaintiffs of a money damage remedy forecloses any alternative

4   basis for plaintiffs to secure jurisdiction for prospective relief.  See Consolidated Edison Co. of New

5   York, Inc. v. Dep't. of Energy, 247 F.3d 1378, 1384-85 (Fed. Cir. 2001), cited with approval by

6   Judge William H. Alsup of this judicial district in Briggs v. United States, 564 F.Supp.2d 1087,

7   1094-95 (N.D. Cal. 2008).  The same should hold true here, because this case, even more so than

8   Briggs, predominately -- indeed, at this time, exclusively -- can present only money damage claims.

9        All eight named plaintiffs have completed payment and application by the December 30,

10  2008 deadline for the only extant Temporary Protected Status ("TPS") designations for their

11  countries.  There are no TPS further registrations and no fees for them to enjoin.  To the extent that

12  plaintiffs ever had standing to assert claims for prospective relief, they no longer do because such

13  claims are moot, and it is only multi-layered speculation that they will not remain moot.

14       Assuming, for the sake of alternative argument, the existence of an amended complaint

15  pleading the Little Tucker Act and naming the proper party defendant, the United States,  the

16  limitation presented by 28 U.S.C. § 1402(a)(1) would then arise[4] and require that "any" action under

17  section 1346(a) "may be prosecuted only: . . . in the judicial district where the plaintiff resides . . . ."

18  Id.  Venue is improper because: (1) the overwhelming majority of plaintiffs will not have addresses

19  within this Court's district, and (2) plaintiffs by definition are aliens and thus lack any legal

20  residence for venue purposes.  For these reasons, venue would exist only as Congress provided

21  pursuant to 28 U.S.C. § 2502 granting aliens a conditional privilege to sue the United States in a

22  court of nationwide jurisdiction, the United States Court of Federal Claims.

23       For these reasons, we respectfully submit that plaintiffs' claims should be dismissed.

24

25

26  _____

    [4]   See Immigration Assistance Project of Los Angeles Cty. Federation of Labor (AFL-CIO) v.
    I.N.S., 306 F.3d, 842, 848 (9th Cir. 2002) (district court will have to address venue after amendment

27  of complaint to address jurisdiction).

28                                        -3-

QUESTIONS PRESENTED

1.   Whether the Court lacks jurisdiction to entertain claims for money where plaintiffs have not filed a complaint pleading 28 U.S.C. § 1346, the Little Tucker Act, or any other waiver of sovereign immunity, and have not pleaded the United States as a party defendant.

2.   Whether, assuming an amended complaint pleading the Little Tucker Act and naming the United States as defendant, plaintiffs lacking residence within the Court's judicial district may prosecute Little Tucker Act claims in this judicial district notwithstanding 28 U.S.C. § 1402(a).

STATEMENT OF FACTS

1.   Plaintiffs' filed their pending (and first amended) complaint on August 21, 2007 ("Complaint").

2.   Plaintiffs' Complaint named as defendants Alberto Gonzales and Michael Chertoff, individuals who were, at the time, the Attorney General of the United States and the Secretary of Homeland Security, respectively ("defendants").

3.   Plaintiffs' Complaint, under the caption "Jurisdiction," cites only to two statutes, 28 U.S.C. § 1331, and 28 U.S.C. § 1361.

4.   While the Complaint remained pending, plaintiffs moved for a preliminary injunction. The named defendants on September 25, 2007, opposed that motion for a preliminary injunction.  On October 17, 2007, this Court denied plaintiffs' motion.  Bautista-Perez v. Mukasey, 2007 WL 3037611 (N.D. Cal. Oct. 17, 2007).

5.   Plaintiffs filed their first motion for class certification on October 23, 2007.  In that motion, they sought to certify a class consisting of "[a]ll nationals of El Salvador, Honduras, and Nicaragua who have submitted applications to register for TPS and who were required by defendants, as a condition to register for TPS, to remit a fee that exceeded the $50.00 permitted under 8 U.S.C. §1254a(c)(1)(B)."

-4-

1   6.      On November 15, 2007, defendants filed a motion to dismiss the Complaint for lack

2   of jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Defendants'

3   motion asserted, among other things, that neither 28 U.S.C. § 1331 nor 28 U.S.C. § 1361 – the only

4   jurisdictional claims plaintiffs pleaded then or now – waived the Federal Government's sovereign

5   immunity as is required to secure subject matter jurisdiction.  Defendants also asserted that the

6   availability of jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491 would deprive the Court of

7   jurisdiction for claims exceeding $10,000, and that venue is not proper for plaintiffs not residing

8   within this district, if the Court had possessed jusrisdiction pursuant to 28 U.S.C. § 1346(a)(2) Little

9   Tucker Act jurisdiction to entertain claims not exceeding $10,000.

10   7.      This Court denied the defendants' motion.  Bautista-Perez v. Mukasey, 2008 WL

11   314486 (N.D. Ca. Feb. 4, 2008).  The Court rejected, however, an argument by plaintiffs that

12   jurisdiction to entertain their claims for "equitable" relief in the form of a "refund" of fees could be

13   premised upon the Administrative Procedure Act (the "APA"), 5 U.S.C. § 702.[5]  See Bautista-Perez,

14   2008 WL 314486 at *4-5.  The Court also held that "Defendants . . . have waived any objection to

15   venue in this Court."  Id. at *6-7.

16   8.      On April 18, 2008, defendants filed their answer.  In that pleading, at 2, n.1,

17   defendants cited the Little Tucker Act, 28 U.S.C. § 1346(a)(2), noting that it provides jurisdiction to

18   entertain claims "against the United States."  Id.  Defendants also respectfully noted their position

19   with respect to venue.  These points were again referenced in the parties' August 15, 2008, Joint

20   Case Management Statement (JCMS II) at 2-3 & n.2.

21   9.      On December 8, 2008, plaintiffs filed their second and pending motion to certify a

22   class, in which they redefined their putative class as follows:  "All nationals of El Salvador,

23   Honduras, and Nicaragua who have applied to register or re-register for Temporary Protected Status

24   ("TPS") at any time since August 16, 2001."

25

26

27   [5]   Plaintiffs' Complaint did not plead the Administrative Procedure Act as a basis for jurisdiction.

28                                      -5-

1    10.    On January 12, 2009, defendants filed an opposition to plaintiffs' December 8, 2008

2   class certification motion that presented issues raised in, and referred to our intent to file, this

3   motion.

ARGUMENT

I.    Standard of Review

A motion pursuant to Rule 12(b) of the Federal Rules of Civil Procedure provides for

dismissal of an action when, assuming fact allegations in the pleadings to be true, the moving party is

entitled to judgment as a matter of law.  See Savage v. Glendale Union High Sch., 343 F.3d 1036,

1039 n. 1 (9th Cir. 2003); Henke v. United States, 60 F.3d 795, 797 (Fed.Cir.1995); Autery v. United

States, 424 F.3d 944, 956 (9th Cir. 2005).  Courts are not necessarily restricted to the face of the

complaint, McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988), and do not assume the

truth of legal conclusions or conclusory allegations in reviewing a motion to dismiss.  Figueroa v.

United States, 57 Fed. Cl. 488, 497 (2003), aff'd 466 F.3d 1023 (Fed. Cir. 2006), cert. denied, 127

S.Ct. 2248 (2007) ("conclusory allegations unsupported by any factual assertions will not withstand a

motion to dismiss," and "legal conclusions, deductions, or opinions couched as factual allegations

are not given a presumption of truthfulness.") (internal quotation and citations omitted).

Plaintiffs bear the burden of establishing jurisdiction by a preponderance of the evidence.  See

Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir.1988) (finding that "once the

[trial] court's subject matter jurisdiction [is] put in question, it [is] incumbent upon plaintiff to come

forward with evidence establishing the court's jurisdiction.").  In reviewing a motion to dismiss based

upon improper venue, although pleadings need not be accepted as true, and facts outside the pleadings

properly may be considered, the trial court must draw all reasonable inferences and resolve all factual

conflicts in favor of the non-moving party.  American Home Assurance Co. v. TGL Container Lines,

Ltd. 347 F.Supp.2d 749, 755 (N.D. Cal. 2004) (treating forum selection clause enforcement motion as

a 12(b)(3) motion to dismiss improper venue).

1  II.     This Court Lacks Jurisdiction To Entertain Claims For Money DamagesWhere Plaintiffs Have
2          Not Filed A Complaint Pleading 28 U.S.C. § 1346, The Little Tucker Act, And Pleading That
           The "United States" Is The Party Defendant

3          The United States is "immune from suit save as it consents to be sued." United States v.

4  Sherwood, 312 F.3d 584, 586 (1941).  "Any waiver of immunity must be 'unequivocally expressed,'

5  and any limitations and conditions upon the waiver 'must be strictly observed and exceptions thereto

6  are not to be implied.'" Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997) (citation omitted).

7  Where the United States has not consented to suit, dismissal of the action for lack of subject matter

8  jurisdiction is required.  Elias v. Connett, 908 F.2d 521, 527 (9th Cir. 1990)

9          A.      Plaintiffs Have Not Pled A Waiver Of Sovereign Immunity

10         Plaintiffs' Complaint fails to plead the requisite waiver of sovereign immunity for their money

11  claims.  Under the caption "Jurisdiction," plaintiffs' Complaint cites only two statutes, 28 U.S.C.

12  § 1331, and 28 U.S.C. § 1361, neither of which provides the requisite waiver of the United States's

13  sovereign immunity.[6]

14         The Court previously rejected an argument by plaintiffs that the Administrative Procedure

15  Act, 5 U.S.C. § 702 (which they also failed to plead in their Complaint), provides the requisite waiver

16  of sovereign immunity for their money claims.  Bautista-Perez, 2008 WL 314486 at *4-5.  The Court

17  held "[i]nstead, this case falls squarely within a category of cases typically brought under the Tucker

18  Act  claims for 'recovery of monies that the government has required to be paid contrary to law,'

19  called 'illegal exaction' claims.") (citation omitted).  As established by the United States Court of

20  Appeals for the Federal Circuit (which has exclusive jurisdiction over Little Tucker Act appeals[7], and

21

22         [6]      Section 1331 merely provides district courts with original jurisdiction over federal questions;
23  it does not provide the waiver of sovereign immunity necessary for a suit against the federal
    government.  See Kester v. Campbell, 652 F.2d 13, 15 (9th Cir. 1981) (finding that Section 1331
24  "neither waives the federal government's sovereign immunity to suit nor indicates the appropriate
    forum for adjudication of the controversy").  Likewise, section 1361 does not waive sovereign
25  immunity.  See Hou Hawaiians v. Caetano, 183 F.3d 945, 947 (9th Cir. 1999) (citing Washington
    Legal Found. v. United States Sentencing Commission, 89 F.3d 897, 901 (D.C.Cir.1996)).

26         [7]      When the Littler Tucker Act serves as a basis for affording relief, the Court of Appeals for
27  the Federal Circuit, rather than the Court of Appeals for the Ninth Circuit, has exclusive jurisdiction.
    Leider v. United States, 301 F.3d 1290, 1295 (9th Cir. 2002) (citing 28 U.S.C. § 1295(a)(2)); accord,

28                                                    -7-

1    as recognized by Judge Alsup of this judicial district in <u>Briggs v. United States</u>, 564 F.Supp.2d at

2    1094-95, the availability of jurisdiction to entertain money damages claims provides an adequate

3    remedy that renders prospective injunctive relief unnecessary.  Because Little Tucker Act jurisdiction

4    is adequate and available, the APA provides no waiver of sovereign immunity.  <u>See</u> <u>Tuscon Airport</u>

5    <u>Authority v. General Dynamics Corp.</u>, 136 F3d 641, 645 (9th Cir. 1998).

6            Plaintiffs have failed to plead in their Complaint the Little Tucker Act (and, in fact, to date

7    have still not asserted any waiver of sovereign immunity in any pleading as that term is defined by

8    Fed. R. Civ. P. 7(a)).  Thus, plaintiffs fail to plead the requisite statutory waiver of sovereign

9    immunity that could permit this Court to entertain their money claims.

10           B.    <u>Plaintiffs Have Not Pled The Proper Party Defendant For Little Tucker Act Claims</u>

11           Defendants' answer asserted that, pursuant to the Little Tucker Act, the proper party defendant

12   is the United States:

13                    Plaintiffs' First Amended Complaint named as defendants only
                     the Attorney General and the Secretary of Homeland Security.  The
14                   waiver of sovereign immunity to prosecute a claim for monetary relief
                     in a district court pursuant to the Little Tucker Act is provided only for
15                   "claims against the United States," and thus the United States would be
                     the only proper defendant for such a claim.  See 28 U.S.C. § 1346(a)(2).
16
    Answer at 2, n.1.  Specifically, the Act provides that;
17
                     (a)    The district courts shall have original jurisdiction, concurrent
18                          with the United States Court of Federal Claims, of . . .

19                          (2)    Any other civil action or claim <u>against the United States</u>,
                                  not exceeding $10,000 in amount . . . .
20
    28 U.S.C. § 1346(a) (emphasis added).
21
            "Under the [Little Tucker Act], the District Court sits as a Court of Claims and not as a
22
    District Court and its authority to adjudicate claims against the United States does not extend to any
23
    action which could not be maintained in the Court of Claims."  <u>U.S., for Use of Mutual Metal Mfg.</u>
24
    <u>Co.</u>, 46 F. Supp. at 10, citing <u>Sherwood</u>, 312 U.S. at 591, and <u>Lowe v. United States</u>, 37 F. Supp. 817,
25

26   _____

27   <u>Brant v. Cleveland Nat. Forest Service</u>, 843 F.2d 1222, 1223 (9th Cir. 1998).

28                                        -8-

818 (D. N.J. 1944).[8]  The Little Tucker Act grants jurisdiction over suits for money "against the United States," not against individual federal officials, or any party other than the United States. 28 U.S.C. § 1346(a)(2).  "[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."  Sherwood, 312 U.S. at 588 (citation omitted).  Because plaintiffs' Complaint names individual federal officers,[9] and not the United States, as defendants, their complaint suffers from a jurisdictional defect as to their money claims.  Plaintiffs' money claims consequently must be ignored as beyond the jurisdiction of the Court.  Id.; e.g., Saints, 2007 WL 2481514 at *4 (S.D. Calif. Aug. 29, 2007)( citing 28 U.S.C. § 1346(a)(2) and Finley, 490 U.S. 545, 552-53 (1989) and holding that suit against "Secretary of the Navy" is not viable because "[s]uits under the Tucker Act are permitted only against the United States, not its agencies"); Hughes 701 F.2d at 58 (amendment adding the "United States" as a party to a complaint against the Department of Justice was a substitution of a party rather than a mere correction of a misnomer).[10]

---

[8]    The Court of Federal Claims is the current name of the trial court formerly named the United States Claims Court (1982-1992) and prior to that, the United States Court of Claims.  See 28 U.S.C.A. § 2502 (Historical and Statutory Notes, Amendments).

[9]    As the Federal Circuit has held, "[t]he Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials. 28 U.S.C. § 1491(a)."  Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) (affirming dismissal of Bivens actions naming individual federal officials).

[10]    In their January 20, 2009 reply to our opposition to plaintiffs' motion for class certification, plaintiffs seek to excuse their failure to plead the Little Tucker Act and proper statutory defendant the "United States." In doing so, plaintiffs rely upon inapposite cases such as Wright v. Gregg, 685 F.2d 340, 341-42 (9th Cir. 1982), a suit to quiet title in real property, under 28 U.S.C. §§ 1346(f) and 2409a. Dugan v. Rank, 372 U.S. 609, 611 (1963) supports our motion because it approves the dismissal of suits like plaintiffs' Complaint filed against officials, rather than the United States.  The Supreme Court in Dugan held:

> We have concluded that the Court of Appeals was correct in dismissing the suit against the United States; that the suit against the petitioning local officials of the Reclamation Bureau is in fact against the United States and they must be dismissed therefrom; that the United States either owned or has acquired or taken the water rights involved in the suit and that any relief to which the respondents may be entitled by reason of such taking is by suit against the United States under the Tucker Act, 28 U.S.C. s 1346. These conclusions lead to a reversal of the judgment insofar as suit was permitted against the United States through Bureau officials.

-9-

1    Despite the Court's ruling that jurisdiction is available under the Little Tucker Act, instead of

2  the APA, for the plaintiffs' money claims, they have failed to plead that Act in a complaint against the

3  United States.  Indeed, on January 9, 2009, plaintiffs' counsel responded to our request to confer by

4  informing us that they would not seek to amend their complaint to plead the Little Tucker Act and to

5  name the United States as a party defendant.  In short, plaintiffs appear to have intentionally refused

6  to assert Little Tucker Act jurisdiction.  Assuming that plantiffs continue to refuse to seek leave to

7  amend their complaint, their money claims should be deemed abandoned and dismissed for lack of

8  jurisdiction.

9        C.    Plaintiffs' Case For Prospective Relief Is Moot And, In Any Event, Foreclosed By The
             Availability Of The Little Tucker Act Jurisdiction That They Elect Not To Plead

10

11    Events subsequent to the Court's ruling have mooted named plaintiffs'/proposed class

     representatives' claims for prospective relief, because they have no case or controversy necessary to
12
     support jurisdiction to provide prospective relief.   All eight named plaintiffs have completed payment
13
     and application by the December 30, 2008 deadline for the only extant TPS designations for their
14
     countries.[11]  There are no further TPS registrations; there are no fees for them to enjoin.  To the extent
15
     that plaintiffs ever had standing to assert claims for prospective relief, they no longer do because such
16
     claims are moot.  Consequently, there is no concrete case or controversy - no requirement that they
17
     register and pay fees for which they could seek an injunction.  Plaintiffs only possess, if they plead
18
     them, claims for money damages based upon past transactions.
19
20    Nor is this the exceptional case in which there is some certainty of  repetition, which would be

21  premised improperly upon multi-layered speculation about: (1) a future determination that may be

22  Id. at 611 (emphasis added).  Similarly, plaintiffs misplace their reliance upon Hill v. United States,
     571 F.2d 1098, 1101, n. 5 (9th Cir. 1978) (citing Dugan and holding plaintiff "does not escape the
23  sovereign immunity bar of Testan by naming individual defendants. . . in addition to the United
     States") (emphasis added) and Van Drasek v. Lehman 762 F.2d 1065, 1069 (D.C. Cir. 1985) (cites
24  Dugan and Hill; waiver of sovereign immunity required for suits against Federal officials).

25      [11]   As set forth in our January 12, 2009 opposition to plaintiffs' second class certification motion
     (D.C.C.Opp.), plaintiffs' current TPS registration period expired on December 30, 2008.  73 Fed.
26  Reg. 57,128 (Oct. 1, 2008) (El Sal.); 73 Fed. Reg 71,020-21 (Nov. 24, 2008) (Hon. and Nic.)  All
     eight named plaintiffs have already applied and paid fees for the last registration period.  See
27  D.C.C.Opp., Exh. 1,Young Decl.¶ 3.

28                                                  -10-

1   made by (2) a new Secretary whether (3) conditions in 2010, in (4) three different countries warrant

2   extension of TPS, and (5) the fees, if any, that may apply at the time in the event any determinations

3   are made to extend TPS, (6) the Secretary refraining from terminating the existing TPS, and (7) a

4   showing by plaintiffs that they would be subject to an alleged injury.  See 8 U.S.C. § 1254a(b).

5   Because TPS is based upon "temporary" conditions, it can and will be terminated when the conditions

6   no longer are found to exist, as has already happened for the first TPS program designated for El

7   Salvador.  See 57 Fed. Reg. 28,700 (June 26, 1992).  TPS has been terminated for several other

8   countries as well.  E.g., 65 Fed. Reg. 52789 (Aug. 30, 2000) (Bosnia-Herzegovinia); 68 Fed. Reg.

9   52407 (Sep. 3, 2003) (Sierre Leone); 71 Fed. Reg. 55,000 (Sep. 20, 2006) (Liberia); 72 Fed. Reg.

10  61172 (Oct. 29, 2007) (Burundi).

11          Moreover, in the event any case is allowed to proceed as to any past alleged harms, plaintiffs'

12  case would not evade review.  Any decision upon the merits as to whether the United States has

13  unlawfully exacted fees will provide review of the question presented by plaintiffs' case.  If liability is

14  decided, such a decision will render prospective relief unnecessary.  See Briggs, 564 F. Supp. 2d at

15  1094.  Plaintiffs thus lack a non-moot, ripe claim for which this Court could entertain jurisdiction,

16  except possibly for money damages based upon past events – i.e., the Little Tucker Act jurisdiction

17  against the United States that they refuse to assert.  Accordingly, plaintiffs' claims for prospective

18  relief should be dismissed as moot.

19          The availability of this money damage remedy notwithstanding plaintiffs' apparent refusal to

20  plead it, forecloses any alternative basis for plaintiffs to secure jurisdiction – had such a case not

21  already been mooted  –  for prospective relief.  See Consolidated, 247 F.3d at 1384-85, cited with

22  approval in Briggs, 564 F.Supp.2d at 1094-95.

23

24

25

26

27

28                                                          -11-

III.   Assuming An Amended Complaint Pleading The Little Tucker Act And Naming the United States as Defendant, 28 U.S.C. § 1402(a) Limits The Prosecution Of Little Tucker Act Claims To The District In Which Plaintiffs Reside

A.   The Little Tucker Act Venue Issue Will Arise When Little Tucker Act Jurisdiction And The Proper Party Defendant Are Pleaded In A Complaint

When a complaint is amended to assert a jurisdictional basis not previously asserted, after such amendment, the question of venue associated with such jurisdiction will arise. "[A]fter such further amendment, the District Court will have to determine whether venue in the . . . District . . . is proper." See Immigration Assistance Project, 306 F.3d, at 848.

Previously, prior to the named defendants' answer, and in response to their motion to dismiss raising, among other things, 28 U.S.C. § 1402,[12] the Court held that the Little Tucker Act applied, but in the same moment ruled that the 28 U.S.C. § 1402 limitation upon the prosecution of such suits had been waived. See Bautista-Perez 2008 WL 314486 *6-7.[13]  Now, however, assuming, for the sake of

---

[12]   We respectfully submit that the named defendants asserted 28 U.S.C. § 1402 in a manner that complies with the Federal Rules and that is consistent with appellate guidance concerning venue. The Federal Circuit has observed in general that a venue defense must be raised "at the time the first significant defensive move is made - whether it be by way of a Rule 12 motion or in a responsive pleading." Rates Technology v. Nortel Networks Corp., 399 F.3d 1302, 1307 (Fed. Cir. 2005) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1391 (3d ed. 2004) (emphasis added).  The same rule has been observed in this district. American Home Assurance Co.  v. TGL Container Lines, Ltd., 347 F.Supp.2d 749, 765 (N.D. Cal. 2004) (". . . a defense of improper venue is waived unless it is included in the defendant's first Rule 12 motion or, if no such motion is filed, in the answer to the complaint. Fed. R. Civ. Pro. 12(h).")  Named defendants on November 15, 2007, asserted 28 U.S.C. § 1402 "by way of a Rule 12 motion;" re-asserted this defense "by way of a . . . responsive pleading" in their answer dated April 18, 2008; and now, in response to plaintiffs' new class certification motion, again asserts that, pursuant to the LTA, money claims against the United States "may be prosecuted only: . . . in the judicial district where the plaintiff resides . . . ."  28 U.S.C. § 1402.

[13]   We respectfully submit that the Court's earlier ruling should not apply given plaintiffs' refusal to assert the Little Tucker Act and plead the United States as a defendant, and their filing of a new, revised class certification motion.  In any event, we respectfully request that the Court consider the following points as to whether the named individual defendants timely raised an objection to venue as to those plaintiffs who are not residents of the Court's judicial district.  Bautista-Perez 2008 WL 314486 at *6-7 cited authorities that we respectfully submit are distinguishable.  Hendricks v. Bank of America N.A., 408 F.3d 1127, 1135 (9th Cir. 2005) does not involve the LTA's statutory jurisdiction and venue provisions.  Second, it is unclear from the published decision in Hendricks whether the opposition to a motion for preliminary injunction took place in the form of either a Rule 12 motion or responsive pleading.  The Hendricks decision characterizes the opposition as a "responsive pleading."  If the Hendricks decision employed the term "responsive pleading" accurately, it would refer to one of the "only" types of "pleadings" allowed, which could include an

-12-

alternative argument, that plaintiffs subsequently seek and obtain leave to amend their complaint to plead the Little Tucker Act and to name the proper party defendant, the United States -- and in view of their second and more expansive motion for class certification -- the door is open to defenses to such an amended complaint and class certification motions filed <u>after</u> the Court's prior ruling.  The limitation presented by 28 U.S.C. § 1402(a) would arise and, then, the Court will have to determine whether venue is satisfied for purposes of plaintiffs' amended complaint and new class certification. See <u>Immigration Assistance Project</u>, 306 F.3d at 848.

      B.      **TPS Applicants Will Fail To Comply With 28 U.S.C. Section 1402 Because They Do Not Reside Within This Court's District And Because They Are Aliens Who Lack Any Legal Residence And Thus Venue Except As Congress Provided Conditionally Pursuant to 28 U.S.C. §2502**

Congress intended that the Little Tucker Act provide – for the convenience of plaintiffs with relatively small claims against the United States[14] – jurisdiction to pursue such claims in a district court provided that such an action could be maintained in the United States Court of Federal Claims. "Under the [Little Tucker Act], the District Court sits as a Court of Claims and not as a District Court

---

answer. Fed. R. Civ. P. Rule 7(a).  As noted above, defendants asserted section 1402(a)(1) as a defense in both a Rule 12 motion and their answer at ¶ 34.   <u>Neirbo Co. v Bethlehem Shipbuilding Corp.</u>, 308 F.2d 165, 167- (1939), cited for the proposition that a party can waive a defense "by submission through conduct," is distinguishable because it involved a corporate defendant that had consented to be sued in that court, which is not the situation here.  In <u>Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment Allied Industries Fund</u>, 967 F.2d 688, 692 (1st Cir. 1992), the court held that if a defendant wishes to challenge venue, it must do so in the "first defensive move, <u>be it a Rule 12 motion or a responsive pleading</u>" (emphasis added).  Finally,  <u>Transaero, Inc. v. La Fuerza Aerea Boliviana</u>, 162 F.3d 724, 730 (2nd Cir. 1998) is inapposite because it related to personal jurisdiction and to service of process.

[14]    See <u>Shaw v. Gwatney</u>, 795 F.2d 1351, 1355-56 (8th Cir. 1986), holding that:

> the legislative intent in granting concurrent district court jurisdiction over claims of less than $10,000 [is] that small claimants be relieved of the expense of traveling to Washington, D.C., to litigate the legislative intent in granting concurrent district court jurisdiction over claims of less than $10,000 that small claimants be relieved of the expense of traveling to Washington, D.C., to litigate while large claims remained centralized at the seat of the government so that department heads would be better able to protect the government's interests. <u>Sutcliffe Storage & Warehouse Co. v. United States</u>, 162 F.2d 849, 852 (1st Cir.1947); <u>Oliver v. United States</u>, 149 F.2d 727, 728-29 (9th Cir.1945).

-13-

1   and its authority to adjudicate claims against the United States does not extend to any action which

2   could not be maintained in the Court of Claims." U.S., for Use of Mutual Metal Mfg. Co., 46 F.

3   Supp. at 10, citing Sherwood, 312 U.S. at 591.[15]   However, unlike other cases in federal courts that

4   involve only private parties or that otherwise do not present money claims against the United States,

5   Congress has specified by statute that "any" such claims "may be prosecuted only: . . . in the judicial

6   district where the plaintiff resides . . . ."   28 U.S.C. § 1402(a)(1).

7           1.     Plaintiffs' Proposed Class Would Contravene 28 U.S.C. § 1402(a)(1)

8         Plaintiffs' presumably will contend that failure to reside within this judicial district is not a bar

9   provided that class representatives reside within the district, so long as some named plaintiffs reside

10  within this district.   However, the Little Tucker Act is accompanied by a special venue restriction that

11  provides, in pertinent part, that:

12            Any civil action in a district court against the United States under
          subsection (a) of section 1346 . . . may be prosecuted only:

13

14            (1) . . . .in the judicial district where the plaintiff resides.

15  28 U.S.C. § 1402(a)(1) (emphasis added).   Plainly, "any" action, not just that of some or all of the

16  named plaintiffs, or a class if certified, may be prosecuted "only . . . in the judicial district where the

17  plaintiff resides."   As set forth in our January 12, 2008 opposition to class certification, at last

18  estimate, we believe only approximately 16,707 of the putative class of applicants appear to have had

19  addresses within the Court's district.   See D.C.C.Opp., Exh. 1, Young Decl. ¶ 4 (DHS systems

20  indicate 16,707 TPS applicants with N.D. Cal. zip codes.).   Based upon our estimate that some

21  422,516 individuals from the plaintiffs' countries have applied for TPS, more than 95 percent of such

22  applicants may not have had addresses within this district.

23        We note that Judge Alsup in Briggs recently certified a Rule 23(b)(3) class that would include

24  class members who are not residents of this district.   See Briggs v. United States, No. 07-05760, slip

25  op. at 8-9 (N.D. Cal. Jan. 16, 2009) (Doc. 61).   We respectfully disagree with this holding in this

26       [15]   The Court of Federal Claims is the current name of the trial court formerly named the United
States Claims Court (1982-1992) and prior to that, the United States Court of Claims.   See 28

27  U.S.C.A. § 2502 (Historical and Statutory Notes, Amendments).

28                               -14-

1   Briggs decision, and maintain that all Little Tucker Act plaintiffs must comply with the plain

2   language of 28 U.S.C. § 1402(a)(1).  See Favereau v. United States, 44 F. Supp. 2d 68, 69-71 (D. Me.

3   1999) ("The majority of courts that have confronted this issue have held that the venue requirement in

4   § 1402(a) must be satisfied for each plaintiff.").  This Briggs holding relied upon two cases that are

5   distinguishable.  First, Whittington v. United States, 240 F.R.D. 344, 349 (S.D. Tex 2006) is a tax

6   case in which numerosity was determined on a nationwide basis by relying, in turn, upon Abrams

7   Shell v. Shell Oil Co., 343 F.3d 482 (5th Cir. 2003).  Abrams, and, by logical extension, Briggs, are

8   inapposite.  When construing special venue provisions, courts will consider the purpose and policy

9   underlying that provision.  See Dukes v. Wal-Mart Stores, Inc., 2001 WL 1902806 at *5 (N.D. Cal.

10  Dec. 3, 2001) (Title VII Civil Rights Act venue).  Abrams, 343 F.3d at 489, applied the Petroleum

11  Marketing Practices Act venue provision, 15 U.S.C. § 2805(a), and thus did not address the plain

12  language of, or purpose behind, the special, more restrictive venue provision embodied in § 1402(a).

13  When a special venue statute has been enacted, the special statute controls over general venue

14  provisions.  See 14D Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Fed. Practice &

15  Procedure § 3804, at 135 (2007).  As such, Abrams provided no basis to ignore Congress's section

16  1402(a)(1) requirement that "any" Little Tucker Act action be prosecuted "only" in the district where

17  plaintiff resides.  The Little Tucker Act provides a limited extension of the United States Court of

18  Federal Claims, to entertain small claims against the United States, affording geographic convenience,

19  while leaving large claims before a national court specializing in such matters and near the

20  departments that must represent the Government's interests.  See Shaw,795 F.2d at 1355-56.  The

21  same limitation of plainitffs to prosecuting suits within their own district could also serve to deter

22  putative nationwide classes from engaging in forum shopping, because plaintiffs with Little Tucker

23  Act money claims against the United States may "only" bring "any" such claims in the district in

24  which they reside.

25      Indeed, although Briggs also relies on Bywaters v. United States, 196 F.R.D. 458 (E.D.

26  Tex. 2000), the narrow reasoning applied in Bywaters actually supports defendants' venue challenge

27  under § 1402(a).  Bywaters involved a suit by neighbors of a railroad corridor for unconstitutional

28                                          -15-

1   taking of their property, and the corridor at issue traversed several adjacent counties, at least one of

2   which was situated outside the Eastern District of Texas.  Although the <u>Bywaters</u> court acknowledged

3   that some class members resided outside its district, the court noted the "pivotal" fact that the case did

4   not involve multiple states and adopted no general exemption for unnamed class members as

5   plaintiffs seek here, but simply found no justification for excluding class members who resided just

6   inside the neighboring boundary of the Northern District of Texas. 196 F.R.D. at 464.  <u>Bywaters</u>,

7   therefore, does not stand as an endorsement of nationwide classes under § 1402(a), but actually, in its

8   reasoning, militates against allowing plaintiffs to prosecute any action under § 1346(a) regardless of

9   Congress's § 1402(a) requirement that "any" such action be prosecuted "only" within the district in

10  which the plaintiff resides.

11              2.       TPS Aliens Lack Residence Within The United States For District Court Venue
                         <u>Over Claims Against The United States Based Upon Plaintiff Residence</u>

12        Because applicants for TPS are by definition aliens, not citizens, plaintffs and putative

13  plaintiffs do not possess legal residence within this Court's district. The Supreme Court and other

14  courts "have long held that, for venue purposes, an alien is 'assumed not to reside in the United

15  States.'" <u>Ou v. Chertoff</u>, 2008 WL 686869 *1 (N.D. Cal. Mar. 12, 2008) (internal quote attributed to

16  <u>Galveston, H & S.A. Ry. Co. v. Gonzales</u>, 151 U.S. 496, 506-07 (1894) (holding alien plaintiff "must

17  resort to the domicile of the defendant")).  Because courts hold aliens presumptively not to be

18  residents of any judicial district, 28 U.S.C. § 1402 effectively bars alien suits against the United States

19  from proceeding in district court when venue is dependent upon plaintiff residence within the judicial

20  district.  <u>See</u> 14D Charles Allan Wright & Arthur R. Miller, Federal Prac. & Proc. Juris. 3d § 3814

21  (2008) ("Since an alien is not considered to be a resident of any district [14], this apparently bars suit

22  in any district court by an alien" and noting 28 U.S.C. § 2502 exception); <u>Baca v. United States</u>, 1974

23  WL 704 (W.D. TX 1974) ("an alien has no residence in the United States for venue purposes");

24  <u>Argonaut Navig. v. United States</u>, 142 F. Supp. 489 (S.D.N.Y. 1956) (adhering to plain and

25  unambiguous language of the statute to bar venue for alien seeking to prosecute Tucker Act claim

26  where he did not reside and finding nothing fruitful to the contrary regarding Congressional intent);

27

28                                                      -16-

1   Reid Wrecking Co. v. United States, 202 F. 314 (N.D. Ohio 1913) (holding that non-resident aliens

2   could not sue the United States in district court).

3          Indeed, this district court recently rejected venue premised upon the alleged residence of aliens

4   living within the district, because such aliens lack legal residence for venue purposes, and (noting the

5   silence of the venue statue on the issue) because when Congress intends to allow aliens to bring an

6   action in a district, it does so expressly.  See Zhang v. Chertoff, 2008 WL 5271995 *3-4 (N.D. Cal.

7   Dec. 15, 2008) (finding 28 U.S.C. § 1391(e)(3) venue improper), citing with approval Li v. Chertoff,

8   2008 WL 4962992 at *2-3 (N.D. Cal. Nov. 19, 2008) (no 28 U.S.C. § 1391(e)(3) venue for APA and

9   mandamus claims based upon location of alien plaintiff) and Ou v. Chertoff, 2008 WL 686869 *1

10  (same).[16]

11         It should be noted that neither the legal principle that aliens have no legal residence for venue

12  purposes, nor 28 U.S.C. § 1402(a), would unfairly deprive plaintiffs of a day in court.  Although

13  Congress did not provide for aliens any exception from section 1391(e) or 1402(a) limitations upon

14  venue dependent upon plaintiff residence, Congress has specifically carved-out a special privilege for

15  aliens to prosecute their money claims against the United States, in the United States Court of Federal

16  Claims.  See 28 U.S.C. § 2502.  There, aliens can maintain an action without unlawful or

17  inconvenient venue.  If alien plaintiffs wish to plead and maintain money claims against the United

18  States, they should avail themselves of the privilege Congress accorded them to bring such suits by

19  pleading proper jurisdiction and satisfying the conditions of 28 U.S.C. § 2502.

20

21

22

---

23         [16]   Under the general federal venue statute, where venue cannot be established based upon
24  plaintiff's residency, venue can also be proper elsewhere, such as the judicial district where the
    defendant resides, or where a substantial part of the events or omissions that give rise to the claim
25  occurred.  E.g. 28 U.S.C. § 1391(e).  Here, should the Court be inclined to find jurisdiction under the
    mandamus and APA statutes in any way, despite plaintiffs' failure to plead the APA and the
26  availability of Little Tucker Act jurisdiction that eliminates the need for any prospective relief and
    APA jurisdiction, plaintiffs have failed to plead in their Complaint any basis upon which they would
27  allege venue in this district.  Although they presumably will allege that at least some of them have
    addresses within the district, venue based upon residence will not suffice for aliens.

28                                                -17-

1

<u>CONCLUSION</u>

2

    For these reasons, we respectfully request that the Court dismiss plaintiffs' complaint.

3

Date: January 26, 2009

                                                  Respectfully submitted,

4

                                                  MICHAEL F. HERTZ

5

                                                  Acting Assistant Attorney General

6

                                                  s/ Jeanne E. Davidson
                                                  JEANNE E. DAVIDSON

7

                                                  Director

OF COUNSEL:

8

                                                  s/ Brian A. Mizoguchi

JOSEPH P. RUSSONIELLO                    BRIAN A. MIZOGUCHI

9

United States Attorney                          Senior Trial Counsel

10

JOANN M. SWANSON                          ELIZABETH A. SPECK
Assistant United States Attorney           Trial Attorney

11

Chief, Civil Division                           Commercial Litigation Branch
ILA C. DEISS                                     Civil Division

12

 Assistant United States Attorney          Department of Justice
San Francisco, CA                             Attn.: Classification Unit 8th Flr.

13

                                                  1100 L Street, N.W.
                                                  Washington, D.C.  20530

14

J. MAX WEINTRAUB
Senior Litigation Counsel                       Tel: (202) 305-3319

15

Office of Immigration Litigation
Civil Division

16

Department of Justice

17

                                                  Attorneys for Defendants

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE BAUTISTA-PEREZ, *et al.*, | ) No. C 07-4192 THE |
| Plaintiffs, | ) Proposed ORDER |
| MARK FILIP, Acting Attorney General of the United States, and | ) |
| JANET NAPOLITANO, Secretary of Homeland Security, | ) |
| Defendants. | ) |

## ORDER

Upon reading and considering defendants' motion to dismiss dated January 26, 2009, and all related papers and argument, it is hereby,

ORDERED, that defendants' motion to dismiss is granted, and plaintiffs' first amended complaint is dismissed.

FOR THE COURT:

Dated: _____          _____