MICHAEL F. HERTZ
Acting Assistant Attorney General
JEANNE E. DAVIDSON
Director
BRIAN A. MIZOGUCHI
Senior Trial Counsel
ELIZABETH A. SPECK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
(202) 305-3319; FAX: (202) 514-8624

OF COUNSEL:

JOSEPH P. RUSSONIELLO
United States Attorney
JOANN M. SWANSON
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7124
FAX: (415) 436-7169

J. MAX WEINTRAUB
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 305-7551
FAX: (202) 305-7000

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE BAUTISTA-PEREZ, *et al.*, | )No. C 07-4192 TEH |
| | ) |
| Plaintiffs, | )Defendants' Reply To Plaintiffs' Opposition )To Defendants' Motion To Dismiss |
| | )Hearing Date: March 2, 2009 |
| ERIC H. HOLDER, Jr., Attorney General of the, United States, and | )Time: 10:00 a.m. |
| | )Dept. Courtroom 12 |
| | ) |
| JANET NAPOLITANO, Secretary of Homeland Security, | )Judge: Hon. Thelton E. Henderson |
| | ) |
| Defendants. | ) |

TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. Plaintiffs' Complaint Should Be Dismissed Because They Have Failed And Refused To Plead Any Waiver Of Sovereign Immunity And Have Expressly Disclaimed That Their Pending Complaint Is A Little Tucker Act Action . . . . . . . . . . . . . . . . . . . . . . 3

II. Plaintiffs' Case For Prospective Relief Is Moot And, In Any Event, Foreclosed By The Availability Of The Little Tucker Act Jurisdiction That They Elect Not To Plead . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

A. Plaintiffs Have No Further TPS Registration Or Fees About Which To Complain . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

B. Plaintiffs' Claims Will Not Evade Review . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

III. The Little Tucker Act Venue Issue Will Come Into Play Only After Jurisdiction Has Been Established, After Amendment Of Plaintiffs' Complaint To Assert The Little Tucker Act Jurisdiction That Plaintiffs Previously Disclaimed Was Pled By Their Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

IV. Congress Required That "Any" Little Tucker Act Claim May "Only" Be Prosecuted In The Judicial District In Which The Plaintiff Resides . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**TABLE OF AUTHORITIES**

**CASES**

Assiniboine and Sioux Tribes of Ft. Peck v. Board of Oil & Gas Conservation of the State of Montana,
792 F.2d 782 (9th Cir. 1986) . . . . . 3

Bautista-Perez v. Mukasey,
2007 WL 3037611 (N.D. Ca. Oct. 17, 2007) . . . . . 10

Briggs v. United States,
564 F.Supp.2d 1087 (N.D. Cal. 2008) . . . . . 8, 9, 13, 14

Briggs v. United States,
2009 WL 113387 (N.D. Cal. Jan. 16, 2009) . . . . . 13

Consolidated Edison Co. of New York, Inc. v. Dep't. of Energy,
247 F.3d 1378 (Fed. Cir. 2001) . . . . . 8, 9, 10

Edmond v. United States,
520 U.S. 651 (1997) . . . . . 13

Finley v. United States,
490 U.S. 545 (1989) . . . . . 4

Hodge v. Dalton,
107 F.3d 705 (9th Cir. 1997) . . . . . 4

Hughes v. United States,
701 F.2d 56 (7th Cir. 1982) . . . . . 4

Hou Hawaiians v. Cayento,
183 F.3d 945 (9th Cir. 1999) . . . . . 6

Immigration Assistance Project of Los Angeles Cty. Federation of Labor (AFL-CIO) v. I.N.S.,
306 F.3d, 842 (9th Cir. 2002) . . . . . passim

Kester v. Campbell,
652 F.2d 13 (9th Cir. 1981) . . . . . 6

Kokkonen v. Guardian Life Ins. Co. of Am.,
511 U.S. 375 (1994) . . . . . 3

Lindahl v. Office of Personnel Management,
470 U.S. 768 (1985) . . . . . 2, 6, 10, 12

Loughlin v. U.S.,
393 F.3d 155 (DC Cir. 2004) . . . . . 5

Nationwide Mut. Ins. Co. v. Liberatore,
408 F.3d 1158 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Quality Mech. Contractors, Inc. v. Moreland Corp.,
19 F. Supp. 2d 1169 (D. Nev. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Randall v. United States,
95 F.3d 339 (4th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Reynolds v. Army & Air Force Exch. Serv.,
846 F.2d 746 (Fed. Cir.1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Saints v. Winter,
2007 WL 2481514 (S.D. Calif. Aug. 29, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Shaw v. Gwatney,
795 F.2d 1351 (8th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

Short v. United States,
719 F.2d 1133 (Fed. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Skaff v. Meriden North America Beverly Hills, LLC,
506 F.3d 832 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Tuscon Airport Authority v. General Dynamics Corp.,
136 F3d 641 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Sherwood,
312 U.S. 584 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Wesreco Inc. v. Dep't of Interior,
618 F. Supp. 562 (D. Utah 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**STATUTES**

5 U.S.C. § 1362 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

8 U.S.C. § 1254a(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. § 1346(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

28 U.S.C. § 1361 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. § 1402 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

28 U.S.C. § 1402 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. § 1402(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

28 U.S.C. § 2502 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

28 U.S.C.A. § 1391(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

28 U.S.C.A. § 1402(a)(1) . . . . . . . . . . 14

**MISCELLANEOUS**

57 Fed. Reg. 28,700 (June 26, 1992) . . . . . . . . . . 7

65 Fed. Reg. 52789 (Aug. 30, 2000) . . . . . . . . . . 8

68 Fed. Reg. 52407 (Sep. 3, 2003) . . . . . . . . . . 8

71 Fed. Reg. 55,000 (Sep. 20, 2006) . . . . . . . . . . 8

72 Fed. Reg. 61172 (Oct. 29, 2007) . . . . . . . . . . 8

OF COUNSEL:

JOSEPH P. RUSSONIELLO
United States Attorney
JOANN M. SWANSON
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7124
FAX: (415) 436-7169

J. MAX WEINTRAUB
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 305-7551; FAX: (202) 305-7000

MICHAEL F. HERTZ
Acting Assistant Attorney General
JEANNE E. DAVIDSON
Director
BRIAN A. MIZOGUCHI
Senior Trial Counsel
ELIZABETH A. SPECK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
(202) 305-3319; FAX: (202) 305-7644

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE BAUTISTA-PEREZ, *et al.*,<br><br>Plaintiffs,<br><br>ERIC H. HOLDER, JR., Attorney General of the United States, and<br><br>JANET NAPOLITANO, Secretary of Homeland Security,<br><br>Defendants. | No. C 07-4192 THE<br><br>Defendants' Reply To Plaintiffs' Opposition To Defendants' Motion To Dismiss<br><br>Hearing Date: March 2, 2009<br>Time: 10:00 a.m.<br>Dept. Courtroom 12<br>Judge: Hon. Thelton E. Henderson |

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants respectfully submit this reply to plaintiffs' opposition ("Pl. Opp.") to our January 26, 2009, motion to dismiss ("Def. MTD"). Plaintiffs' complaint should be dismissed.

Federal courts are to presume that a cause lies outside their limited jurisdiction and the burden of establishing the contrary rests upon plaintiffs. Here, plaintiffs failed to plead in their complaint any waiver of sovereign immunity. Plaintiffs' suggestions that we have "notice" and that the Court has ruled that jurisdiction exists to entertain their claims under the Little Tucker Act cannot overcome plaintiffs' refusal to amend to plead such jurisdiction and their express and unrecanted statement in Court papers that their pending complaint is not under the Little Tucker Act: "the waiver of sovereign immunity under 28 U.S.C. § 1346(a)(2) is inapplicable to the action . . . ." Dkt. 55 at 10. Plaintiffs thus claim that their pending complaint does not plead a Little Tucker Act action. The Court thus should dismiss any such action. Because plaintiffs could have pled but elected not to plead the adequate remedy of the Little Tucker Act, they have no claim under the Administrative Procedure Act (which they also failed to plead). Plaintiffs' claims for prospective relief are mooted by their payment of the last extant registration for their "Temporary Protected Status" ("TPS") (emphasis added), and controlling appellate precedent establishes that the issuance of a liability decision against the United States would render prospective relief unnecessary.

Because "[v]enue provisions come into play only after jurisdiction has been established," Lindahl v. Office of Personnel Management, 470 U.S. 768, 793 n. 30 (1985), the issue of venue was not addressable -- and, it follows as a matter of law as well as logic -- nor waivable, until after plaintiffs' complaint is later amended properly to claim jurisdiction, see Immigration Assistance Project of Los Angeles Cty. Federation of Labor (AFL-CIO) v. I.N.S., 306 F.3d, 842, 848 (9th Cir. 2002).

If and when the issue of Little Tucker Act venue is presented, plaintiffs will then have to comply with Congress's express mandate that "any" such action -- with no exception made for class actions -- may "only" be prosecuted in the district in which the plaintiff resides. In order to comply with Congress's express Little Tucker Act provision for small, local claims, if plaintiffs wish to pursue a large class action for money by aliens living throughout the nation, they must bring that action in the one place in which Congress made provision for such a nationwide claim by aliens: the United States Court of Federal Claims.

I. Plaintiffs' Complaint Should Be Dismissed Because They Have Failed And Refused To Plead Any Waiver Of Sovereign Immunity And Have Expressly Disclaimed That Their Pending Complaint Is A Little Tucker Act Action

Our motion to dismiss demonstrates that -- despite the fact that we have repeatedly given notice that plaintiffs' complaint does not plead any waiver of sovereign immunity -- they have refused to amend their complaint to identify the jurisdiction that they claim. Def. MTD at 2-8. We also demonstrated that plaintiffs have not named the proper defendant -- the United States -- that Congress specified for Little Tucker Act actions. Id. at 8-10. Plaintiffs' failure, and refusal, to disclose whatever claim they may actually embrace lies at the root of our motion to dismiss.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . . It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (emphasis added; internal citations omitted). The United States "is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 587 (1941). It is thus the plaintiffs' burden to establish jurisdiction to entertain a claim against the United States. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir.1988).[1] There is no consent to suit, where, as here, the statutes cited in plaintiffs'

[1] Plaintiffs' citations for the proposition that they need not plead a statute waiving sovereign immunity, are distinguishable because none of the cited cases involve the United States as a potential defendant in a case where a plaintiff failed and refused to plead, and disavowed pleading, a Little Tucker Act claim against the United States. Nor did plaintiff cite any authority from the Federal Circuit, which has exclusive jurisdiction over appeals arising under the Little Tucker Act, addressing a failure to plead the Tucker Act. To illustrate, with respect to the subset of cases that plaintiffs cited that involved an alleged Federal defendant or *res*, each is distinguishable: Skaff v. Meriden North America Beverly Hills, LLC, 506 F.3d 832, 841 (9th Cir. 2007) (plaintiff pled Americans with Disabilities Act case against private defendant); Nationwide Mut. Ins. Co. v. Liberatore, 408 F.3d 1158, 1161 (9th Cir. 2005) (complaint expressly referred to necessary application of the Federal Tort Claims Act); Assiniboine and Sioux Tribes of Ft. Peck v. Board of Oil & Gas Conservation of the State of Montana, 792 F.2d 782, 792-93 (9th Cir. 1986) (plaintiffs pled Indian tribe jurisdiction for non-monetary claim pursuant to 5 U.S.C. § 1362 and defendant conceded that the Administrative Procedure Act ("APA") would waive sovereign immunity); Quality Mech. Contractors, Inc. v. Moreland Corp., 19 F. Supp. 2d 1169 (D. Nev. 1998) (equitable lien under APA); Randall v. United States, 95 F.3d 339, 345-46 (4th Cir. 1996) (plaintiff actually pled Little Tucker Act but not APA in primarily equitable APA case concerning job promotion; court must be "cautious about trespassing into the province of the Court of Federal Claims and the Federal Circuit to decide non-tort actions against the United States"); Wesreco Inc. v. Dep't of

complaint, provided no basis for establishing a waiver of sovereign immunity, see Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997), and plaintiffs have refused to expressly adopt any type of waiver of sovereign immunity and have disclaimed application of the Little Tucker Act.

In their opposition, plaintiffs continue to refuse to disclose the basis upon which they claim a waiver of sovereign immunity permitting suit against the United States. Instead, plaintiffs obfuscate, and attempt to shift to the Court, responsibility to disclose on what basis they are complaining and thus on what basis we are to defend:

> Defendants' description of Plaintiffs' 'refusal' to amend their complaint is misleading. When Defense counsel asked if Plaintiffs intended to amend their complaint, Plaintiffs counsel replied in the negative . . . . However, Plaintiffs did not refuse categorically to amend their complaint, and will do so if this Court so orders.

Pl. Opp. At 1, n. 1 (emphasis added).[2]

Plaintiffs in their opposition also argue that it is "not necessary" to plead specifically the waiver of sovereign immunity and proper party defendant "United States" for their putative money claims. Pl. Opp at 1, n.1 & 2-11.[3] Plaintiffs continuing refusal to plead is not, as they suggest,

---

Interior, 618 F. Supp. 562, 565-69 (D. Utah 1985) (suit pursuant to Emergency Petroleum Allocation Act not addressing whether Tucker Act waiver of sovereign immunity was pled or must be pled); Short v. United States, 719 F.2d 1133, 1135 (Fed. Cir. 1983) (did not address a failure to plead the Tucker Act).

[2] We did not understand that plaintiffs' reply of "no" was meant to inform us that they "did not refuse categorically to amend their complaint, and will do so if this Court so orders." At no point prior to their February 9, 2009 opposition to our motion to dismiss, have plaintiffs indicated that their refusal to plead was anything other than the unqualified "no" that was stated in response to our inquiry whether they intended to amend.

[3] Although there are, as plaintiffs have noted, Pl. Opp. at 8-11, cases in which it is stated that suits against federal officials, or that would be paid from the Treasury, are suits against the sovereign, that is not the specific question that we present. There should be no dispute that a waiver of sovereign immunity must be established for plaintiffs to obtain the relief that they claim. Our point is that plaintiffs have not disclosed whatever waiver of sovereign immunity that they claim, and have expressly disclaimed the Little Tucker Act. Further, Congress in 28 U.S.C. § 1346(a)(2) specified that jurisdiction exists for money claims that are against the "United States." It has been held not merely a misnomer to substitute the specified defendant, the "United States," for an agency, such as the Department of Justice. Hughes v. United States 701 F.2d 56, 58 (7th Cir. 1982) (amendment adding the "United States" as a party to a complaint against the Department of Justice was a substitution of a party rather than a mere correction of a misnomer). Nor is it correct to plead, as plaintiffs have, the Secretary or Attorney General, in a Tucker Act suit. See Saints v. Winter,

simply "inartful" or permissible "notice" pleading; rather, in pertinent part, it is no-notice pleading that leaves this Court and other courts, and any defendants, uncertain as to what plaintiffs are claiming.

Plaintiffs contend that we "know" what claim they are pleading, or that there is no issue because the Court has ruled that they are asserting a Little Tucker Act claim. Plaintiffs are mistaken. Jurisdiction cannot be assumed. "Jurisdictional pleading must not be reduced to a mere afterthought years after the commencement of the action. The court cannot act without jurisdiction and it is the complaining party's burden to plead it." Loughlin v. U.S., 393 F.3d 155, 171-72 (DC Cir. 2004) (holding that no diversity jurisdiction existed where plaintiff did not plead or amend to plead jurisdiction). It is impossible to know what jurisdiction plaintiffs may be bound to have asserted, given the continuing absence of any claimed waiver of sovereign immunity in their complaint.

Plaintiffs' suggestions that their money claims may be construed as Tucker Act claims are contradicted by their unrecanted contention that their pending first amended complaint is not bringing a Little Tucker Act claim. See, generally, Plaintiffs' Opposition to Defendants' Motion to Dismiss or, In The Alternative, to Transfer Venue, Dkt. 55. To illustrate, plaintiffs asserted that their First Amended Complaint is "not an action at law for 'money damages'. It is an equitable action for specific relief." (Dkt. 55 at 1). Plaintiffs explicitly stated that their "Complaint is an action for equitable relief, not an action at law for monetary damages of less than $10,000.00. . . . the waiver of sovereign immunity under 28 U.S.C. § 1346(a)(2) is inapplicable to the action . . . ." (Dkt. 55 at 10) (emphasis added). In light of plaintiffs' prior statements, plaintiffs should now consent to the dismissal with prejudice of any Little Tucker Act claim.

If plaintiffs ultimately and expressly plead the Little Tucker Act, they will then establish that they are indeed prosecuting such a claim, and that will confirm and trigger the applicability of specific provisions of the Act, such as the Congress's 28 U.S.C. § 1402 limitation upon the

---

2007 WL 2481514 at *4 (S.D. Calif. Aug. 29, 2007) (citing 28 U.S.C. § 1346(a)(2) and Finley v. United States, 490 U.S. 545, 552-53 (1989) and holding that suit against "Secretary of the Navy" is not viable because "[s]uits under the Tucker Act are permitted only against the United States, not its agencies").

prosecution of "any" such action to "only" the district in which the plaintiff resides. See Lindahl, 470 U.S. at 793 n. 30 ("Venue provisions come into play only after jurisdiction has been established" (emphasis added)); Immigration Assistance Project., 306 F.3d at 848 (district court will have to address venue after amendment of complaint to address jurisdiction).

Additionally, unless and until plaintiffs plead the Tucker Act or the Little Tucker Act, they are maintaining a position that would permit a form of jurisdictional forum shopping – in essence, both taking advantage of the assumed jurisdiction that they never adopted, while preserving the ability to claim later, should this Court (or an appellate court) ultimately not find in their favor, that they did not plead or prosecute any Little Tucker Act claim.

Because plaintiffs will not identify that which they claim, the solution is clear: plaintiffs' complaint must be dismissed. The Court's circuit has demanded no less when a plaintiff simply fails, due to an oblique pleading, to assert a proper basis for a claim against the United States. In Kester v. Campbell, 652 F.2d 13, 15-16 (9th Cir. 1981), plaintiffs' pleadings "obliquely" suggested that the Administrative Procedure Act waived sovereign immunity and indicated the proper forum. The Ninth Circuit did not accept plaintiffs' oblique contentions, and instead held that, because the plaintiffs sought relief substantially the equivalent of a monetary award, plaintiffs' complaint would not be construed as one for injunctive relief and that the Administrative Procedure Act did not provide jurisdiction. Id.[4] Here, plaintiffs have not simply pled "obliquely" -- they failed, and refused to amend, to plead any specific waiver of sovereign immunity, not the Tucker Act, not the Little Tucker Act and not the Administrative Procedure Act. Further, plaintiffs' last clear and unequivocal statement, still unrecanted, was that they are not bringing a Little Tucker Act claim. See Dkt 55 at 10 ("the waiver of sovereign immunity under 28 U.S.C. § 1346(a)(2) is inapplicable to the action"). Plaintiffs' should abide by their prior statements and now consent to the dismissal with

---

[4] See also Hou Hawaiians v. Cayento, 183 F.3d 945, 947 (9th Cir. 1999) (affirming dismissal of plaintiffs' federal claims based upon Hawaii Admission Act and 28 U.S.C. § 1361 mandamus statute which did not waive sovereign immunity bar, in a case to which the APA did not apply).

prejudice of any Little Tucker Act claim.[5]

II. Plaintiffs' Case For Prospective Relief Is Moot And, In Any Event, Foreclosed By The Availability Of The Little Tucker Act Jurisdiction That They Elect Not To Plead

A. Plaintiffs Have No Further TPS Registration Or Fees About Which To Complain

Events subsequent to plaintiffs' complaint have mooted all claims for prospective relief. All eight named plaintiffs have completed payment and application by the December 30, 2008 deadline for the only extant TPS designations for their countries; because there is now no further TPS registration, there are no fees for them to enjoin, and, therefore, nothing about which a declaration should issue. Def. MTD at 10-11. Id. There is no concrete case or controversy. Plaintiffs can only pursue, if they plead them, claims for money damages based upon past transactions.

Plaintiffs contend that their claims are not moot because "there has been no voluntary cessation" in this case, citing "continuing" regulations. Pl. Opp. at 12-13. The present existence of such regulations is irrelevant. Plaintiffs' claims for prospective relief are moot because for them, as we demonstrated, there are no more TPS registrations, and, it follows, nothing to which such regulations could apply.

Plaintiffs' contention that there is no evidence that their TPS designations will not expire, Pl. Opp. at 13-14, misapprehends our point. TPS is by definition "temporary" because it is premised upon temporary conditions. Plaintiffs nowhere address the fact that, because TPS is based upon "temporary" conditions, it can and will terminate when the temporary conditions no longer are found to exist, as has already happened in several cases including the first TPS program designated for El Salvador. See 57 Fed. Reg. 28,700 (June 26, 1992). TPS has been terminated for several other countries as well. E.g., 65 Fed. Reg. 52789 (Aug. 30, 2000) (Bosnia-Herzegovinia); 68 Fed. Reg.

---

5 Plaintiffs' assertion in a footnote that they will amend their first amended complaint, if the Court orders, Pl. Opp. at 1, n. 1, improperly places the Court in the untenable position of having to advise plaintiffs upon the prosecution of their putative claims. We respectfully submit that the Court should instead take the pending complaint in its deficient state, as it has long been maintained by plaintiffs despite notice of their failure to plead a waiver of sovereign immunity and the "United States" defendant specified by 28 U.S.C. § 1346, and grant our motion to dismiss whatever claims plaintiffs may have had but elected not to plead, including the Little Tucker Act action that they have disclaimed.

52407 (Sep. 3, 2003) (Sierre Leone); 71 Fed. Reg. 55,000 (Sep. 20, 2006) (Liberia); 72 Fed. Reg. 61172 (Oct. 29, 2007) (Burundi).

Any claim that the plaintiffs will receive a TPS designation extension in the future -- and thus may have another opportunity to register -- is entirely speculative. Plaintiffs fail to overcome our point that their claim does not present the exceptional case that is reasonably certain of repetition, because such a claim would be premised improperly upon multi-layered speculation about:

(1) a future determination that may be made by (2) a new Secretary, whether (3) conditions in 2010, in (4) three different countries, (5) warrant extension of Temporary Protected Status, (6) the fees, if any, that may be assessed, at the time, in the event any determinations are made to extend TPS, (7) the Secretary refraining from now until 2010 from terminating the existing TPS because the temporary conditions no longer exist, see 8 U.S.C. § 1254a(b), and (8) a showing by plaintiffs that they will suffer an alleged harm from all of the foregoing conditions, in 2010.

B. Plaintiffs' Claims Will Not Evade Review

Plaintiffs' mooted case for prospective relief does not mean that their claim will evade review because any decision upon the merits as to whether the United States in the past unlawfully exacted fees will provide review of the question presented (assuming plaintiffs finally elect to plead a Little Tucker Act case). If liability is decided, such a decision will render prospective relief superfluous.

The availability to plaintiffs of a money damage remedy forecloses any alternative basis for plaintiffs to secure prospective relief. See Consolidated Edison Co. of New York, Inc. v. Dep't. of Energy, 247 F.3d 1378, 1384-85 (Fed. Cir. 2001), cited with approval by Judge William H. Alsup of this judicial district in Briggs v. United States, 564 F.Supp.2d 1087, 1092-93 (N.D. Cal. 2008); Def. MTD at 10-11. The same holds true here, because this case, even more so than Briggs, only presents predominately -- indeed, exclusively -- past money damage claims.

Plaintiffs' opposition offers only mistaken attempts to distinguish Consolidated and Briggs. First, plaintiffs contend that although the court in Briggs dismissed plaintiff's claim for prospective

relief as superfluous, "[c]ritical to this conclusion was that plaintiff had stopped using his credit card, and there was no threat that future debts would be referred to collection. *Id.* at 1092-93." Pl. Opp.

at 15. Plaintiffs erred in their description of Briggs, which at 1092-93 nowhere mentions cessation of credit card usage, and thus it certainly was not "[c]ritical" to the court's conclusion that it should follow the Federal Circuit's Consolidated decision. Rather, Briggs was in pertinent part based upon Consolidated's holding that a liability decision would resolve the question presented then and going forward, because the United States would not be expected to continue a practice once it is held by a court to be unlawful. Briggs, 564 F.Supp.2d at 1092-94.[6]

Next, plaintiffs contend that the Federal Circuit's Consolidated holding is somehow inapplicable when dealing with a proposed class of persons, as distinguished from an individual claimant. See Pl. Opp. at 15-16. Plaintiffs rely upon a distinction without a difference. If a liability decision settles the question presented for an individual against the United States, there would be no reason to suggest a different outcome would be obtained for the class whom the individual purports to represent. Consolidated holds that a liability determination will be sufficient to inform the courts and the United States of the legality of the type of exaction in question. There is thus no need to for prospective relief.[7]

The availability of a money damage remedy forecloses any alternative basis for plaintiffs to secure jurisdiction for prospective relief. See Consolidated, 247 F.3d at 1384-85, cited with approval in Briggs, 564 F.Supp.2d at 1092.

---

6 Briggs does cite the plaintiff's cessation of credit card usage in support of its conclusion that another claim, concerning finance charges, was moot. Id. at 1094-95.

7 Plaintiffs also attempt to distinguish Tuscon Airport Authority v. General Dynamics Corp., 136 F3d 641, 645 (9th Cir. 1998), by arguing that they "seek injunctive *and* declaratory relief – an order to stop the Government from charging more than fifty dollars . . . ." Pl. Opp. 15 (emphasis in original). Plaintiffs missed our point, that as Consolidated establishes, the question their claim presents about the legality of the exaction of money can be addressed through Tucker Act (or in this case, Little Tucker Act) jurisdiction. Because that remedy is adequate and available, if pled, the Administrative Procedure Act by its terms provides no waiver of sovereign immunity to plaintiffs. See Tuscon Airport Authority, 136 F3d at 645.

Further, this Court's determination that plaintiffs' assertion that they have had to pay $80 did not show irreparable harm, see Bautista-Perez v. Mukasey, 2007 WL 3037611, *6-7 (N.D. Ca. Oct. 17, 2007), provides additional support for our point that prospective injunctive relief is unnecessary, and thus unavailable:

> Here, it appears that any harm to Plaintiffs will be fully remedied if they prevail on their claim for a refund of unlawfully collected fees. Plaintiffs argue that they will suffer irreparably injury because they "will be confronted with the Hobson's choice of paying an exorbitant service fee they are not required by statute to pay, or refuse to pay and risk the exploitation inherent in illegal employment, as well as apprehension, detention, and removal from the United States because they will have lost their TPS." However, this Court finds that being forced to make a choice between paying $80 and facing deportation is not, in itself, irreparable injury.
>
> * * *
>
> If they pay the fee, they will recover it if they prevail on the merits.

Id. Whether plaintiffs should pay $50 instead of $80 is not any more likely now, than when it was not found by the Court in its 2007 decision, id., to support a claim for injunctive relief rather than money damages.

## III. The Little Tucker Act Venue Issue Will Come Into Play Only After Jurisdiction Has Been Established, After Amendment Of Plaintiffs' Complaint To Assert The Little Tucker Act Jurisdiction That Plaintiffs Previously Disclaimed Was Pled By Their Complaint

"Venue provisions come into play only after jurisdiction has been established." Lindahl, 470 U.S. at 793, n. 30 (emphasis added). Accord, Immigration Assistance Project, 306 F.3d at 848 (9th Cir. 2002) (district court will have to address venue after amendment of complaint to address jurisdiction).

As a matter of law, the issue of venue "comes into play only after" the type of jurisdiction -- and, it follows, venue associated with such jurisdiction -- "has been established." Lindahl, 470 U.S. at 793, n.30. It would be contrary to law, and logic, to maintain that where jurisdiction has not even been pled -- that the issue of venue could come into play, let alone be waived.

Where, as here, plaintiffs have actually refused to plead the Little Tucker Act (or, for that matter, the APA) it would be even more contrary to law and logic to maintain, as plaintiffs do,

see Pl. Opp. at 17-18, that the issue of venue has come into play, and been waived, with respect to a type of jurisdiction that they have refused to plead.

Further, plaintiffs have not only refused to plead Little Tucker Act jurisdiction, they have asserted before the Court that their complaint does not allege a Little Tucker Act action: "the waiver of sovereign immunity under 28 U.S.C. § 1346(a)(2) is inapplicable to the action . . . ." Dkt. 55 at 10.

The facts of this case establish that, to this point, venue has not come into play, because jurisdiction has not been established. It necessarily follows that the issue of venue has not been waived.

Plaintiffs attempt to distinguish Immigration Assistance Project by mistakenly characterizing it as allowing for venue to be "re-challenged when new plaintiffs were added." Pl. Opp. at 16, n. 18. An examination of the Ninth Circuit's holding reveals that it directed the district court to determine venue after the amendment of the complaint to assert jurisdiction for both what plaintiffs here describe as "new" plaintiffs, and for the organizational plaintiffs:

> We finally hold that those individual plaintiffs who alleged that the challenged INS policies and practices prevented them from filing an application should be allowed to amend further the complaint to satisfy certain jurisdictional requirements that Congress adopted after the Second Amended Complaint was filed. [n. 1 The organizational plaintiffs should similarly be allowed to amend the complaint.] After such further amendment, the District Court will have to determine whether venue in the Western District of Washington is proper.

Immigration Assistance Project, 306 F.3d at 408 (emphasis added). Immigration Assistance Project thus supports our point that, with respect to the eight original plaintiffs[8] and any new plaintiffs (such as the putative class plaintiffs seek to certify), venue will come into play only after any future pleading and establishment of the type of jurisdiction pursuant to which plaintiffs seek to prosecute claims against the sovereign.

---

[8] At the time of the purported waiver, as is still the case, there were only eight plaintiffs before the Court. Any purported waiver based upon the address of these eight individuals -- for whom no address was alleged in their complaint -- could not extend to any other individuals who were not pled and for whom no identity or address has been pled.

Plaintiffs in their opposition assert that: "[f]ailure to raise a venue objection under Rule 12(b)(3) in either a motion to dismiss pursuant to Rule 12(b), or in a responsive pleading, is fatal, and will serve to waive the moving party's venue objection entirely. Fed. R. Civ. P. 12(g)(2), 12(h)(1)(A), 12(h)(1)(B)(ii)." Pl. Opp. at 17. As we demonstrate, however, the named defendants have raised a venue objection in both a motion to dismiss and in their first and only responsive pleading. Def. MTD at 12-13. Every case cited in support of the proposition that something more was required to avoid venue waiver, is distinguishable. See id. Indeed, none of the cited authorities concerned the question of whether the United States could waive or did waive Congress's special section 1402 restriction upon the prosecution of Little Tucker Act cases. Further, none of the authorities cited by plaintiffs, and none of which we are aware, would hold that the issue of venue comes into play before plaintiffs have pled -- and indeed refused to plead and expressly disavowed that their complaint established (Dkt. 55 at 10) -- the type of jurisdiction to which Congress attached section 1402's special venue restriction.

For these reasons, neither the named defendants nor the United States have waived venue. When venue later comes into play, Lindahl, 470 U.S. at 793, n. 30, whether it is Congress's section 1402 mandate that "any" Little Tucker Act action be prosecuted "only" in the district in which plaintiffs reside -- or alienage precluding residence for venue purposes (as opposed to the inapposite uses of the term upon which plaintiffs rely, see Pl. Opp. at 21-23), Def. MTD 16-17 – or both, at that point, the Court will have before it the issue of venue, Immigration Assistance Project, 306 F.3d at 848 (9th Cir. 2002). And then, when the issue comes into play, we will state these venue defenses.

## IV. Congress Required That "Any" Little Tucker Act Claim May "Only" Be Prosecuted In The Judicial District In Which The Plaintiff Resides

Assuming plaintiffs are allowed to recant, and in the future plead and establish Little Tucker Act jurisdiction, after which venue comes into play, then, in accordance with 28 U.S.C. § 1402, any such claim by any plaintiffs may only be prosecuted in the judicial district in which the plaintiff resides. In our motion to dismiss, we set forth in detail the points and authorities supporting our position, including the bases of our respectful disagreement with this aspect of Judge Alsup's recent

class certification decision in Briggs v. United States, 2009 WL 113387, *5-7 (N.D. Cal. Jan. 16, 2009). See Def. MTD at 12-16.

Plaintiffs in their opposition essentially parrot the recent Briggs decision but expansively assert that section 1402(a)(1) and the general federal venue statue, 1391(e), contain the "same" language and then contend in essence that, because some courts have held that general class actions (typically involving purely private matters and not the United States) hold only that the named plaintiff must meet venue requirements, section 1402 would permit a class action here by hundreds of thousands of persons so long as at least one plaintiff resides within this district. Plaintiffs, and by extension the 2009 Briggs class certification decision, erroneously would nullify the express and distinctly different special venue restrictions that Congress prescribed in section 1402(a)(1).

First, it is not true that sections 1391(e) and 1402(a)(1) involve the "same" language unless one ignores the full text of 1402(a)(1). It is true, but without import, that both statutes contain the phrase "the plaintiff resides." In contrast, section 1402(a)(1) is further restricted by two qualifications imposed by the words "any" and "only":

> Any civil action in a district court against the United States under subsection (a) of section 1346 . . . may be prosecuted only:
>
> (1) . . . .in the judicial district where the plaintiff resides.

28 U.S.C. § 1402(a)(1) (emphasis added). Plainly, "any" action, includes without exception any action that is a class action. Any such action may be prosecuted "only . . . in the judicial district where the plaintiff resides." Congress's specific restrictions limiting venue for "any" civil actions to "only" the district where the plaintiff resides, do not appear in the provisions of section 1391 considered by the court in Briggs. Where, as here, the specific provisions of section 1402 conflict with the general and comparatively unrestricted general federal venue provision in section 1391, the specific should govern. See Edmond v. United States, 520 U.S. 651, 657 (1997).

Further, it must be presumed, consistent with statutory construction principles, that the Congress's special, express restrictions in section 1402(a)(1) may not be ignored and rendered meaningless and superfluous simply because both statutes elsewhere contain some other words that

are the same. Indeed, the historical legislative fact that both section 1391 and 1402 were enacted at the same time, in the same legislation, confirms that Congress must have consciously intended its differing words to have substantive effect, and that that effect should not be disregarded by the courts. Compare 28 U.S.C.A. § 1391(e) with 28 U.S.C.A. § 1402(a)(1) (notes for sections 1391 (62 Stat 935) and 1402 (62 Stat. 937) cite as the source of both statutes the same June 28, 1948 legislation). Because Congress chose to limit the prosecution of "any" Little Tucker Act actions -- with no exception for class actions -- to "only" the district in which the plaintiff resides, courts should enforce Congress's specific limitations in section 1402(a)(1). The broader construction given to the different and more general federal venue statute in Briggs and by plaintiffs here, is in conflict with section 1402(a)(1). Consequently, it is error to ascribe to section 1402(a)(1) an exception from the Congress's mandate that "any" action be prosecuted "only" in the district where the plaintiff resides.

Allowing a large, nationwide class action, based upon the forum selected by a handful of persons, would also be contrary to Congress's intent to provide through the Little Tucker Act a local, small claim alternative to the United States Court of Federal Claims, for the convenience of plaintiffs with small claims. See Def. MTD at 13-15; Shaw v. Gwatney, 795 F.2d 1351, 1355-56 (8th Cir. 1986). The plaintiffs' now apparent intent to seek a large nationwide class contravenes the purpose of the Little Tucker Act as a limited alternative to the national jurisdiction of the Court of Federal Claims.

Further, Congress has specifically carved out a special privilege for aliens, including plaintiffs, to prosecute their money claims against the United States, in the United States Court of Federal Claims. See 28 U.S.C. § 2502. There, aliens can maintain an action without unlawfully contravening section 1402(a)(1), and without venue inconvenient to the 95 percent of persons in plaintiffs' putative class whom we estimate do not have addresses within the Northern District of California. Further, the named defendants, or the United States, would be permitted to defend in the forum that the Congress intended for large, nationwide actions. See Shaw, 795 F.2d at 1355-56.

CONCLUSION

For these reasons, we respectfully request that the Court dismiss plaintiffs' complaint.

Date: February 17, 2009

Respectfully submitted,

MICHAEL F. HERTZ
Acting Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/ Brian A. Mizoguchi
BRIAN A. MIZOGUCHI
Senior Trial Counsel

ELIZABETH A. SPECK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn.: Classification Unit 8th Flr.
1100 L Street, N.W.
Washington, D.C. 20530

Tel: (202) 305-3319

OF COUNSEL:

JOSEPH P. RUSSONIELLO
United States Attorney

JOANN M. SWANSON
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS
Assistant United States Attorney
San Francisco, CA

J. MAX WEINTRAUB
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division
Department of Justice

Attorneys for Defendants