JONATHAN M. KAUFMAN, CA Bar No. 104576
jonathan-kaufman@sbcglobal.net
The Law Offices of Jonathan M. Kaufman
220 Montgomery Street, Suite 976
San Francisco, CA 94104
(415) 956-4765; (415) 956-1664 (Fax)

LINDA M. DARDARIAN, CA Bar No. 131001
ldardarian@gdblegal.com
RACHEL E. BRILL, CA Bar No. 233294
rbrill@gdblegal.com
LIN YEE CHAN, CA Bar No. 255027
lchan@gdblegal.com
GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800
(510) 835-1417 (Fax)

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE BAUTISTA-PEREZ, OSCAR GUARDADO-GONZALEZ, DENIS CABALLERO-ESPINOZA, JOSE ALVARADO-MENJIVAR, OSCAR RENE RAMOS, MARIA SALAZAR, JOSE BENJAMIN QUINTEROS, AND MARIA JOSEFA CRUZ, Individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>ERIC H. HOLDER, JR., Attorney General and JANET NAPOLITANO, Secretary of Homeland Security,<br><br>                    Defendants. | Case No.: C 07-4192 TEH<br><br>**SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTION**<br><br>CLASS ACTION |

Plaintiffs Jose Bautista-Perez, Oscar Guardado-Gonzalez, Denis Caballero-Espinoza, Jose Alvarado-Menjivar, Oscar Rene Ramos, Maria Salazar, Jose Benjamin Quinteros, and Maria Josefa Cruz, Individually and on behalf of all others similarly situated, complain of Defendants Eric H. Holder, Jr. Attorney General and Janet Napolitano, Secretary of Homeland Security ("United States" or "Defendants") as follows.

## I.    INTRODUCTION

1.     This case is a class action for declaratory and injunctive relief.  Plaintiffs seek a judgment declaring that Defendant charges a fee for registering for temporary protective status ("TPS") and for related biometric services that exceeds the amount permitted under 8 U.S.C. § 1254a(c)(1)(B) and Pub. L. No. 111-83, § 549, 123 Stat. 2142 (2009) ("Section 549") and that is arbitrary, capricious, or manifestly contrary to and in violation of the above-listed statutes.

It seeks to enjoin Defendants from charging a fee for TPS registration and a fee imposed for the collection of biometric information that exceeds the amount permitted under 8 U.S.C. § 1254a(c)(1)(B) and Section 549, and to enjoin Defendants to refund to Plaintiffs and other class members fees they previously remitted to register for TPS that exceeded the amount permitted under 8 U.S.C. § 1254a(c)(1)(B) and Section 549.

## II.    JURISDICTION

2.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  The Court also has jurisdiction over this action pursuant to the Little Tucker Act, 28 U.S.C. § 1346(a), in that it is a civil action or claim against the United States, not exceeding $10,000 in amount, founded upon 8 U.S.C. § 1254a(c)(1)(B) and Section 549.  Additionally, this Court has jurisdiction over this action pursuant to § 702 of the Administrative Procedures Act, which entitles "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . to judicial review thereof."  5 U.S.C. § 702.

3.     28 U.S.C. § 1361 vests the Court with authority to compel Defendants to refund fees plaintiffs and other class members paid for the adjudication of their applications for TPS.

### III.     NATURE OF ACTION

4.      8 U.S.C. § 1254a vests the Attorney General and the Secretary of Homeland Security with discretion to grant aliens TPS.

TPS is a temporary immigration status granted to eligible nationals of designated countries (or parts thereof).  In 1990, as part of the Immigration Act of 1990, P.L. 101-649, Congress established a procedure by which the Attorney General may provide TPS to aliens in the United States who are temporarily unable to safely return to their home country because of ongoing armed conflict, an environmental disaster, or other extraordinary and temporary conditions.  On March 1, 2003, pursuant to the Homeland Security Act of 2002, Public Law 107-296, the authority to designate a country (or part thereof) for TPS, and to extend and terminate TPS designations, was transferred from the Attorney General to the Secretary of Homeland Security.  At the same time, responsibility for administering the TPS program was transferred from the former Immigration and Naturalization Service to U.S. Citizenship and Immigration Services, a component of the Department of Homeland Security.  During the period for which a country has been designated for TPS, TPS beneficiaries may remain in the United States and may obtain work authorization.

5.      Pursuant to 8 U.S.C. § 1254a(c)(1)(B) the Attorney General may require a reasonable fee as a condition of registering for TPS, but that fee shall not exceed $50.00.  Pursuant to Section 549, the Attorney General and/or Secretary of Homeland Security may collect a fee for fingerprinting or biometric services when administering the program described in section 244 of the Immigration and Nationality Act.

6.      On January 5, 1999 the Attorney General designated Honduras for TPS.  64 FR 524. Subsequent to that the Attorney General and the Secretary of Homeland Security have extended TPS for Honduras nine times.  The most recent extension is due to expire on January 5, 2012.

7.      On January 5, 1999 the Attorney General designated Nicaragua for TPS.  64 FR 526. Subsequent to that the Attorney General and the Secretary of Homeland Security have extended TPS for Nicaragua nine times.  The most recent extension is due to expire on January 5, 2012.

8.      On March 9, 2001 the Attorney General designated El Salvador for TPS.  66 FR 14214. Subsequent to that El Salvador's designation for TPS has been extended six times.  The most recent extension expires on September 9, 2010.

9.      Notwithstanding the provisions of 8 U.S.C. § 1254a(c)(1)(B) and Section 549, Defendants have required Plaintiffs and other class members to remit fees in excess of $50.00 to register for TPS during each of the TPS registration periods, and to pay biometric services fees when biometric services have not been provided.  In addition to the $50.00 fee Defendants required Plaintiffs and other class members to remit with their initial TPS applications, Defendants have imposed a separate, additional service fee to collect biometric information.  8 C.F.R. § 244.6.

10.     Although Defendants claim that the service fee Defendants charge for the collection of biometric information reflects both the costs of biometric information collection and the costs associated with the use of the collected biometric information for security and background checks, the use of collected biometric information for security and background checks is not a "biometric service" under Section 549, and Defendants do not impose a reduced service fee for the collection of biometric information when previously collected biometric information can be, and is, used again.  Defendants have imposed a service fee for the collection of biometric information when the collection of biometric information was not required or necessary, thereby violating Section 549.  This policy or practice is arbitrary, capricious, and manifestly contrary to and in violation of Section 549.

11.     Judicial intervention is required to prohibit Defendants from requiring the remittance of fees for TPS that exceed the amount permitted under 8 U.S.C. § 1254a(c)(1)(B) and Section 549 and to compel Defendants to refund the excessive fees Plaintiffs and other class members have previously remitted.

### IV.      PLAINTIFFS

12.     Plaintiffs are nationals of El Salvador, Honduras, and Nicaragua whose TPS applications established prima facie eligibility for TPS, and who were required by Defendants to remit fees in excess of $50.00 to register for TPS.

Plaintiff Jose Bautista-Perez is a national of Honduras.  He registered for TPS on June 27, 2003 and was required to remit a filing fee in the amount of $100.00.  He registered and applied again on

December 17, 2004 and was required to remit a filing fee in the amount of $70.00.  He registered and applied again on May 14, 2006 and was required to remit a filing fee in the amount of $70.00.  He registered and applied again on July 5, 2007 and was required to remit a filing fee in the amount of $70.00.  On July 27, 2007 plaintiff was served notice that although his previously captured biometrics could be reused, the fee he paid to capture biometrics would not be refunded.  He registered for TPS again when the TPS program for Honduras was extended in 2008 and paid the fees Defendants required him to pay for TPS registration.  He plans to continue to re-register for TPS as long as the TPS program for Honduras continues.

Plaintiff Oscar Guardado-Gonzalez is a national of Honduras.  He registered for TPS on June 27, 2003 and was required to remit a filing fee in the amount of $100.00.  He registered for TPS on December 23, 2004 and was required to remit a filing fee in the amount of $70.00.  He registered for TPS on April 30, 2006 and was required to remit a filing fee in the amount of $70.00.  He registered and applied again on June 18, 2007 and was required to remit a filing fee in the amount of $70.00.  On July 6, 2007 plaintiff was served notice that although his previously captured biometrics could be reused, the fee he paid to capture biometrics would not be refunded.  He registered for TPS again when the TPS program for Honduras was extended in 2008 and paid the fees Defendants required him to pay for TPS registration.  He plans to continue to re-register for TPS as long as the TPS program for Honduras continues.

Plaintiff Denis Caballero-Espinoza is a national of Nicaragua.  He registered for TPS on May 14, 2006 and was required to remit a filing fee in the amount of $120.00.  He registered for TPS in June 2007 and was required to remit a filing fee in the amount of $70.00.  He registered for TPS again when the TPS program for Nicaragua was extended in 2008 and paid the fees Defendants required him to pay for TPS registration.  He plans to continue to re-register for TPS as long as the TPS program for Nicaragua continues.

Plaintiff Jose Alvarado-Menjivar is a national of El Salvador.  He registered for TPS on September 5, 2002 and was required to remit a filing fee in the amount of $100.00.  He registered for TPS on January 30, 2005 and was required to remit a filing fee in the amount of $70.00.  He registered for TPS on July 16, 2006 and was required to remit a filing fee in the amount of $70.00.  He registered

4

for TPS in October 2007 and was required to remit a filing fee in the amount of $80.00.  On or about December 17, 2007, plaintiff was served notice that although his previously captured biometrics could be reused, the fee he paid to capture biometrics would not be refunded.  He registered for TPS again when the TPS program for El Salvador was extended in 2008 and paid the fees Defendants required him to pay for TPS registration.  He plans to continue to re-register for TPS as long as the TPS program for El Salvador continues.

Plaintiff Oscar Rene Ramos is a national of El Salvador.  He registered for TPS on January 29, 2005 and was required to remit a filing fee in the amount of $70.00.  He registered and applied again on July 10, 2006 and was required to remit a filing fee in the amount of $70.00.  He registered for TPS in October 2007 and was required to remit a filing fee in the amount of $80.00.  On November 21, 2007 plaintiff was served notice that although his previously captured biometrics could be reused, the fee he paid to capture biometrics would not be refunded.  He registered for TPS again when the TPS program for El Salvador was extended in 2008 and paid the fees Defendants required him to pay for TPS registration.  He plans to continue to re-register for TPS as long as the TPS program for El Salvador continues.

Plaintiff Maria Salazar is a national of El Salvador.  She registered for TPS on January 14, 2005 and was required to remit a filing fee in the amount of $70.00.  She registered for TPS on July 10, 2006 and was required to remit a filing fee in the amount of $70.00.  She registered for TPS in October 2007 and was required to remit a filing fee in the amount of $80.00.  On November 21, 2007 plaintiff was served notice that although her previously captured biometrics could be reused, the fee she paid to capture biometrics would not be refunded.  She registered for TPS again when the TPS program for El Salvador was extended in 2008 and paid the fees Defendants required her to pay for TPS registration.  She plans to continue to re-register for TPS as long as the TPS program for El Salvador continues.

Plaintiff Jose Benjamin Quinteros is a national of El Salvador.  He registered for TPS on February 17, 2005 and was required to remit a filing fee in the amount of $70.00.  He registered again on July 20, 2006 and was required to remit filing fees in the amount of $70.00.  He registered again in October 2007 and was required to remit a filing fee in the amount of $80.00.  On November 21, 2007 plaintiff was served notice that although his previously captured biometrics could be reused, the fee he

5

1   paid to capture biometrics would not be refunded.  He registered for TPS again when the TPS program

2   for El Salvador was extended in 2008 and paid the fees Defendants required him to pay for TPS

3   registration.  He plans to continue to re-register for TPS as long as the TPS program for El Salvador

4   continues.

5           Plaintiff Maria Josefa Cruz is a national of El Salvador.  She registered for TPS on January 20,

6   2005 and was required to remit a filing fee in the amount of $70.00.  She registered on July 20, 2006

7   and was required to remit a filing fee in the amount of $70.00.  She registered in August 2007 and was

8   required to remit a filing fee in the amount of $80.00.  On October 4, 2007 plaintiff was served notice

9   that although her previously captured biometrics could be reused, the fee she paid to capture biometrics

10  would not be refunded.  She registered for TPS again when the TPS program for El Salvador was

11  extended in 2008 and paid the fees Defendants required her to pay for TPS registration.  She plans to

12  continue to re-register for TPS as long as the TPS program for El Salvador continues.

13                              **V.        DEFENDANTS**

14          13.     Defendant Eric H. Holder, Jr. is the Attorney General of the United States and

15  defendant Janet Napolitano is the Secretary of the Department of Homeland Security.

16                       **VI.        CLASS ACTION ALLEGATIONS**

17          14.     Plaintiffs bring this action on behalf of themselves and all others similarly situated.

18          15.     The class consists of "[a]ll nationals of El Salvador, Honduras, and Nicaragua who have

19  applied to register or re-register for Temporary Protected Status ("TPS") at any time from August 16,

20  2001 to the present."  July 7, 2009 Order Grant'g Pls.' Mot. for Class Certification & Bifurcation (Dkt.

21  113) at 19:22-24.

22          16.     The numerosity requirements of Fed. R. Civ. P. 23(a)(1) are satisfied, in that the

23  members of the class are so numerous as to make joinder impracticable.  In designating El Salvador for

24  TPS, the Attorney General estimated that 150,000 nationals of El Salvador residing in the United

25  States would be eligible for benefits under the TPS program.  In designating Honduras for TPS, the

26  Attorney General estimated that 100,000 nationals of Honduras residing in the United States would be

27  eligible for benefits under the TPS program.  In designating Nicaragua for TPS, the Attorney General

28

1  estimated that 45,000-70,000 nationals of Nicaragua residing in the United States would be eligible for

2  benefits under the TPS program.

3      17.    The requirements of Fed. R. Civ. P. 23(a)(2) are met in that Defendants have acted or

4  refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive

5  relief, or corresponding declaratory relief with respect to the class as a whole, and because there are

6  questions of law and fact common to the class.

7      18.    Defendants act in a similar manner towards all class members by requiring each, as a

8  condition to register for TPS, to remit a payment that exceeds the amount permitted under 8 U.S.C.

9  § 1254a(c)(1)(B) and Section 549, by imposing a separate, additional service fee for the collection of

10 biometric information, and by imposing a service fee for the collection of biometrics when the

11 collection of biometrics is not required or necessary.

12     19.    Defendants' actions cause irreparable injury to the proposed class because Defendants

13 will not file and adjudicate an application for TPS registration unless the required fee is remitted or an

14 application for a fee waiver is approved.

15     20.    The requirements of Fed. R. Civ. P. 23(a)(3) and (4) are met because the claims or

16 defenses of the representative parties are typical of the claims or defenses of the class, and the

17 representative parties will fairly and adequately protect the interests of the class.

18     21.    The questions of law or fact common to the members of the class predominate over any

19 questions affecting only individual members, and a class action is superior to other available methods

20 for the fair and efficient adjudication of the controversy.

21     22.    Permitting Plaintiffs to maintain this action on behalf of the proposed class will bring

22 the appropriate final injunctive relief or corresponding declaratory relief for the class as a whole.

23              **VII.    FACTUAL ALLEGATIONS**

24     23.    Defendants are charged, by statute and regulation, with the duty to file and adjudicate

25 applications for TPS registration, and to accord TPS benefits to those aliens who establish eligibility.

26     24.    Pursuant to 8 U.S.C. § 1254a(c)(1)(B) and Section 549 the Attorney General may

27 require a reasonable fee as a condition of registering for TPS, but that fee shall not exceed $50.00.

28 Pursuant to Section 549, in addition to collection of registration fees described in 8 U.S.C.

SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTION - CASE NO.:  C 07-4192 TEH

126765-15

§ 1254a(c)(1)(b), fees for fingerprinting services, biometric services, and other necessary services may be collected when administering the program described in section 244 of the Immigration and Nationality Act.

25.     Notwithstanding the provision of 8 U.S.C. § 1254a(c)(1)(B) Defendants require an alien to remit fees in excess of $50.00 to register for TPS.  In addition to the $50.00 payment an alien is required to remit with an initial application for TPS, Defendants impose a separate, additional service fee to collect biometric information.  8 C.F.R. § 244.6.

26.     Plaintiffs and other class members are nationals of El Salvador, Honduras, and Nicaragua who submitted applications for TPS registration to Defendants, and were required by Defendants to remit payments that exceeded the amount permitted under 8 U.S.C. § 1254a(c)(1)(B) and Section 549 to register for TPS.  Defendants have required Plaintiffs and other class members, as a condition to register for TPS, to remit a separate, additional service fee for the collection of biometric information.

27.     Although Defendants claim that the service fee Defendants impose for the collection of biometric information represents both the costs of biometric collection and the costs associated with the use of the collected biometrics for security and background checks, the use of collected biometric information for security and background checks is not a "biometric service" under Section 549, and Defendants do not impose a reduced service fee for the collection of biometric information when previously collected biometric information can be, and is, used again.  Defendants have imposed service fees for the collection of biometric information when the collection of biometric information was not required or necessary in violation of Section 549.

28.     Plaintiffs and other class members have been unlawfully required to pay excessive fees for TPS benefits.

29.     Plaintiffs and other class members have suffered irreparable injury because of the unlawful acts of Defendants complained of herein.

30.     Plaintiffs and other class members have exhausted all administrative remedies available and have determined that no adequate administrative remedy exists.

1

## VIII.    PRAYER FOR RELIEF

2    WHEREFORE, Plaintiffs pray judgment.

3        1)    Entering an order pursuant to Fed. R. Civ. P. 23 that this action be maintained as a class

4                action;

5        2)    Declaring that 8 U.S.C. § 1254a(c)(1)(B) prohibits Defendants from imposing, as a

6                condition to register for TPS, a separate, additional service fee for the collection of

7                biometric information if the total fee charged to register for TPS would then exceed

8                $50.00.

9        3)    Declaring invalid those parts of 8 C.F.R. § 244.6 that require Plaintiffs and other class

10               members to remit a separate, additional service fee for the collection of biometric

11               information if the total fee charged to register for TPS would then exceed the $50.00

12               permitted under 8 U.S.C. § 1254a(c)(1)(B).

13       4)    Declaring that Defendants violate Section 549 by imposing, as a condition to register

14               for TPS, a fee for the collection of biometric information when the collection of

15               biometric information is not required or necessary under Section 549.

16       5)    Enjoining Defendants from imposing, as a condition to register for TPS, a separate,

17               additional service fee for the collection of biometric information if the total fee charged

18               to register for TPS would then exceed the $50.00 permitted under 8 U.S.C. §

19               1254a(c)(1)(B).

20       6)    Enjoining Defendants from imposing, as a condition to register for TPS, a fee for the

21               collection of biometric information when the collection of biometric information is not

22               required or necessary under Section 549.

23       7)    Enjoining Defendants to refund all fees paid by Plaintiffs and other class members to

24               register for TPS and to collect biometric information that have exceeded the $50.00

25               permitted under 8 U.S.C. § 1254a(c)(1)(B).

26       8)    Enjoining Defendants to refund all service fees paid by Plaintiffs and other class

27               members for the collection of biometric information when the collection of biometric

28               information was not required or necessary under Section 549.

9

1        9)      Awarding Plaintiffs and other class members their costs and reasonable attorney's fees

2        incurred in this action.

3        10)     Granting such other and further relief as may be appropriate.

4  Dated:  May 11, 2010             Respectfully submitted,

 

                           _s/ Lin Yee Chan_
LINDA M. DARDARIAN, CA Bar No. 131001
ldardarian@gdblegal.com
RACHEL E. BRILL, CA Bar No. 233294
rbrill@gdblegal.com
LIN YEE CHAN, CA Bar No. 255027
lchan@gdblegal.com
GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
     DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
(510) 763-9800
(510) 835-1417 (Fax)

JONATHAN M. KAUFMAN, CA Bar No. 104576
jonathan-kaufman@sbcglobal.net
The Law Offices of Jonathan M. Kaufman
220 Montgomery Street, Suite 976
San Francisco, CA  94104
(415) 956-4765
(415) 956-1664 (Fax)

ATTORNEYS FOR PLAINTIFFS AND THE CLASS

126765-15