IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSE BAUTISTA-PEREZ, *et al.*,

        Plaintiffs,

v.

ERIC H. HOLDER, Jr., Attorney General of the United States, and

JANET NAPOLITANO, Secretary of Homeland Security,

        Defendants.

NO. C07-4192 TEH

ORDER RE HEARING ON MOTION TO DISMISS SECOND AMENDED COMPLAINT

This matter is scheduled for hearing on Monday, July 19, 2010, at 10:00am, on Defendants' motion to dismiss Plaintiffs' second amended complaint. The parties shall be prepared to address the following questions at the motion hearing:

**For Defendants**

1. Although the final rule published in the Federal Register explains that the biometric fee "also covers costs associated with the use of the collected biometrics for FBI and other background checks," 72 Fed. Reg. 29851, 29857 (May 30, 2007), the language in the Code of Federal Regulations continues to provide that the fee "will be charged for any individual who is required to have biometric information *captured* in connection with an application or petition for certain immigration and naturalization benefits." 8 C.F.R. § 103.7(b)(1) (emphasis added). The definition of capture is, as Plaintiffs argue, "the act of recording in a permanent file," which would not encompass the act of re-accessing previously captured biometric data. How, then, can § 103.7(b)(1) be reconciled with the interpretation advanced by Defendants and in the final rule?

2. Even if Plaintiffs were to concede that background checks constitute a "necessary service" for which fees can be charged under section 549, Plaintiffs contend that they are charged for a service they do not receive: although the $80 fee accounts for the cost of collecting biometrics *and* conducting background checks, only half of these services are performed for them. What is USCIS's authority for charging the fee in this manner?

**For Plaintiffs**

3. You argue that the "issues of whether these biometric services fees are necessary, correspond to actual biometric services, and are related to the TPS program are fact issues, subject to discovery." Opp'n at 1. However, the parties appear to agree on the factual landscape: USCIS charges a $80 biometric services fee to conduct background checks (or have the FBI conduct background checks) with previously collected biometric data. What fact issues will bear on the legality of this practice?

4. Do you concede that it is necessary for USCIS to conduct criminal background checks on those applying and reapplying for TPS, in light of the criminal bars to obtaining the status that appear in the statute? If so, is the performance of background checks not a "necessary service" within the meaning of section 549?

5. You argue that the reuse of previously collected biometric data to conduct background checks is unlawful because it is not a "biometric service." Even if you are correct about the definition of "biometric service," might the fee still be lawful because section 549 also authorizes a fee for "other necessary services"?

2

**For Both Parties**

6. Leave to amend is liberally granted upon dismissal of a complaint on a 12(b)(6) motion. If the second amended complaint is dismissed because the Court concludes that USCIS *can* charge the $80 biometric services fee when previously collected biometric data is reused for background checks, what would Plaintiffs plead in a third amended complaint that would survive another motion to dismiss? Defendants, on what basis do you argue that leave to amend should be denied?

7. If the Court concluded that the biometric services fee complies with section 549, would that determination also dispose of Plaintiffs' claim under the Administrative Procedure Act?

**IT IS SO ORDERED.**

Dated: 7/15/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

3